ENOS LEE, as Surviving Executor, etc., Respondent, *v.* AMY HORTON, as Administratrix, etc., Appellant.

H., defendant's intestate, executed to the executors of S. two written instruments, by each of which he promised to pay to them as such executors at his death, if he died without heirs, a sum specified, which the instrument described as a fund held by the executors in trust, in which H. had a life estate, with remainder over to his heirs. H. died leaving an heir. In an action to recover the sum specified, *held*, that, as the condition in the instrument, if carried out, would cause the fund to fall into the estate of H., subject to administration, it would result in an unlawful disposition of the money, and so it was illegal and void; that the money was repayable on the death of H., irrespective of the question whether he left heirs or not; and that plaintiff was entitled to recover. Also, that as the cause of action did not accrue until after the death of H., the statute of limitations did not begin to run until then and, as the action was brought within the time limited after such death, it was not barred.

(Submitted February 7, 1887; decided March 1, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1885, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

The nature of the action and the material facts are stated in the opinion.

*Clifford A. H. Bartlett* for appellant. The notes are void on their face. (Story on Promissory Notes, §§ 22, 23; Chitty on Bills, ch. III, 37.) The court having jurisdiction of the cause of action, it was only after it had reformed the notes that it could acquire the right incidentally to give relief in damages. (*McDougall* v. *Cooper*, 31 N. Y. 499; *Wells* v. *Yates*, 44 id. 531; *Maher* v. *Hibernia Ins. Co.*, 67 id. 293; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 id. 263, 267; *Rathbone* v. *Warren*, 40 Johns. 596; 2 Story's Eq. Jur. § 794; *Clute* v. *Knies*, 102 N. Y. 382, 383; *Carpenter* v. *Osborn*, id. 561, 562.) To justify the court in changing the language of the instrument sought to be reformed (except in case of fraud), it must be established that both parties agreed to something different from what is expressed in the writing, and the proof upon this point should be so clear and convincing as to leave no room for doubt. (*Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y. 455.) Plaintiff's laches is a bar to his claim to have the notes reformed. *Smeadberg* v. *More*, 26 Wend. 247; *Hazul* v. *Dunham*, 1 Hall, 658; *Bowen* v. *Hone*, 2 Barb, 595; *Taylor* v. *Fleet*, 4 id. 103; *Munn* v. *Worrall*, 16 id. 232; *Voorhees* v. *Seymour*, 26 id. 582, 583; *Greenfield* v. *Mumford*, 19 Abb. Pr. 476; *Toole* v. *Cook*, 16 How. Pr. 144; *Thomas* v. *Barton*, 48 N. Y. 200; 2 Story's Eq. Jur. 734.) The cause of action is barred by the statute of limitations. (*Spoor* v. *Wells*, 3 Barb. Ch. 203; *Elwood* v. *Diefendorf*, 5 Barb. 411; *Cramer* v. *Benton*, 60 id. 226.) If this is an action at law, as held by the Special and General Terms, to recover the money loaned, then defendant was legally entitled to have the issue tried by a jury. (*Bradley* v. *Aldrich*, 40 N. Y. 511.) The judgment upon the notes was not consistent with the case made by the complaint. In this case the complaint states but one cause of action, and that one in equity. A suit upon the notes would have been an action at law. (*Kelly* v. *Downing*, 42 N. Y. 78; *Bradley* v.

*Aldrich*, 40 id. 510; *Mann* v. *Fairchild*, 2 Keyes, 111; *Wisner* v. *Ocumpaugh*, 71 N. Y. 117.) The complaint did not allege, nor did the plaintiff prove, a demand for the reformation of the notes before bringing the action. (*Sharkey* v. *Mansfield*, 90 N. Y. 229.)

*Calvin Frost* for respondent. A verbal 'agreement by the borrower, to pay money loaned to him, at his death is not void under the statute of frauds, which requires an agreement, not to be performed within a year, to be in writing and signed by the party to be charged therewith. (2 R. S. 135 [4th ed.] 317; *Moore* v. *Fox*, 10 Johns. 244; *McLees* v. *Hale*, 10 Wend. 426; *Blake* v. *Cole*, 22 Pick. 97; *Lockwood* v. *Barnes*, 2 Hill, 128.)

RUGER, Ch. J. This action was brought against the administrator of the estate of William J. Horton, to recover money claimed to be due, under circumstances related in two written instruments reading substantially alike except as to amount, and being as follows:

" $303.30. PEEKSKILL, *Oct.* 1, 1867.

At my death, if I die without heirs, I promise to pay to Enos Lee and Ebenezer Strang, as executors of the estate of Ebenezer Strang, deceased, $303.30, which is the amount of my share on the final distribution of the said estate, and of which I was to have the use during my life, and at my death to go to my heirs, if any, by said will. For value received.

WILLIAM JAMES HORTON."

Horton died intestate in 1881, leaving an only child his heir-at-law, and the plaintiffs demanded repayment of the moneys loaned of his administrator. The complaint also sought to reform the agreement by striking out these words, " if I die without heirs," upon the ground that the same were erroneously and unintentionally inserted therein by a mutual mistake of the parties thereto.

The appellant insisted that there was no evidence of any

mutual mistake, and that the event had occurred, which, by the terms of the contract, precluded the plaintiffs from recovering the amount of the note.

We think it quite immaterial whether the instrument is called a promissory note or a contract, inasmuch as the paper is set out in the complaint *in haec verba*, and imports an agreement to pay a certain sum of money, at the death of the maker, upon the condition that he died without heirs.

Whatever the character of the instrument may be, it does not affect the right of the plaintiffs to recover in this action, provided the facts alleged and proved, in the case entitle them in any view, to reclaim the money represented by the note

The legal effect of the condition inserted in this contract is, if it is held to be a valid condition, to cause the amount of the note to fall into the esta'e of Horton, and be subject to administration by his legal representatives.

It is quite obvious that this would result in an unlawful disposition of the money, and that result, must have been known to the parties to the contract at the time of its execution.

Parties are always chargeable with knowledge of the law, and they must, therefore, have known that the plaintiffs held these moneys in trust, and were incompetent to dispose of them, even by the most express agreement, in a manner contrary to the purposes of the trust. (*Wetmore* v. *Porter*, 92 N. Y. 76.)

Any agreement, therefore, by the executors to alienate the trust funds would be illegal, not because it would be immoral or contrary to public policy, but simply because they were wholly unauthorized to make it.

It is apparent on the face of the paper that this money was repayable to the plaintiffs, upon the death of the defendant's intestate, irrespective of the question whether he left heirs or not.

The note describes the money as being a fund held by the plaintiffs in trust, in which Horton had a life estate, with remainder over to Horton's heirs. Upon Horton's death the duty of paying this sum to the remaindermen devolved upon

the plaintiffs, and they could not, by virtue of any contract between themselves and Horton, become discharged from its performance. Neither could Horton acquire any title to such moneys by agreement with the plaintiffs.

All of the parties dealt with the fund knowing it to be the subject of a trust and incapable of alienation, and that its trust character followed it into the hands of any person receiving it with knowledge of the facts.

The executors had authority, upon receiving satisfactory security for its return, to deliver possession of the money to the life tenant for the duration of his life, and so far the contract was valid; but this was the extent of their power over it, and this plainly appears from the face of the contract.

The condition inserted that the money was not to be repaid in the event of the life tenant leaving issue him surviving was clearly illegal, and in law impossible of performance, and could not be set up as a defense against an action by the executors to recover possession of the trust fund. (*Wetmore* v. *Porter*, *supra*.)

The complaint sets out and the proof establishes all of the circumstances attending the loan of money, and it is clear upon the whole case that the plaintiffs were entitled to recover. No question arises over a misjoinder of actions, or as to the mode of trial, for the record discloses no objection upon these subjects.

Whether the action be regarded as one to recover money loaned, or to reclaim money illegally disposed of by executors, or upon the contract, disregarding, as the plaintiffs had the right to do, the manifest illegal condition attached to the provision for repayment, the plaintiffs were entitled to judgment.

In either view, the cause of action did not accrue until after the death of defendant's intestate, and the statute of limitations constituted no bar to its maintenance.

The judgment should be affirmed, with costs.

All concur, EARL, J., in result.

Judgment affirmed.