### WILLIAMS *v.* BOYLE *et al.*

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. ASSIGNMENT FOR BENEFIT OF CREDITORS — RIGHT OF ASSIGNEE TO ENFORCE SPECIFIC PERFORMANCE OF CONTRACT WITH ASSIGNOR.

    Specific performance of a bill of sale from a debtor to a creditor, in consideration of a promise by the creditor to discharge certain of the debtor's liabilities, cannot be enforced by the subsequent assignee of such debtor for the benefit of his creditors, as the remedy by action at law for damages is adequate, and the debtor's right to maintain such action is personal, and does not pass to the assignee.

2. PLEADING—DEMURRER TO COUNTERCLAIM—SUFFICIENCY OF COMPLAINT.

    On the trial of a demurrer to a counterclaim, the complaint may be dismissed if it fails to show a cause of action.

Appeal from special term.

Action by Joseph M. Williams, as assignee for the benefit of creditors of John Sanderson, against John Boyle and others, to compel the specific performance of an agreement made by the assignor with the defendants prior to the assignment to the plaintiff, and pursuant to which the defendants promised to pay certain of the assignor's debts, to procure his exoneration from certain other liabilities, and to discharge their own demands against him. Plaintiff appeals from a judgment dismissing the complaint, granted on the trial of plaintiff's demurrer to a counterclaim set up by defendants' answer. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Arthur H. Ely*, for appellant. *De Witt C. Morrell*, for respondents.

BISCHOFF, J. Plaintiff, as the assignee of one John Sanderson, under an assignment for the benefit of creditors, sued for the specific performance of an agreement entered into between the assignor and the defendants prior to the assignment, pursuant to which, in consideration of the assignor's stock of merchandise, outstanding demands, and moneys in bank having been conveyed to them, defendants promised to pay the claims of three of the assignor's creditors, to secure his exoneration and release from certain other specified obligations, and to discharge their own demands against him. Defendants answered the complaint, and, among other things, interposed a counter-

claim for the value of certain chattels alleged to be a part of the stock of merchandise transferred to them, but of which plaintiff had secured possession, and which he refused to deliver after due demand therefor. To this counterclaim plaintiff demurred, and upon the trial of the issue of law thus raised the court, at special term, while holding the counterclaim invalid and the demurrer thereto well taken, gave judgment for dismissal of the complaint, it appearing therefrom that the plaintiff was not entitled to the relief demanded. From this judgment the present appeal is taken.

We are of the opinion that the complaint did not set forth facts sufficient to authorize a decree for specific performance, since the defendant's breach of contract resulted in no other injury to the assignor than such as could be adequately satisfied in an action at law for damages, the measure of the damages sustained being the aggregate amount of the assignor's debts and liabilities assumed by the defendants, and which they failed to satisfy. The fact alone that plaintiff's interest in the assigned estate was of an equitable character did not authorize him to prosecute an equitable action respecting it, while adequate legal redress was available to him. *New York Guaranty & Indemnity Co.* v. *Memphis Water Co.*, 107 U. S. 205, 2 Sup. Ct. Rep. 279. But the complaint was furthermore insufficient, as it appeared on the face thereof that the right to institute and maintain an action for the specific performance of the agreement, assuming the assignor to have had it, was not assignable, and so did not pass to the plaintiff under the general assignment to him.

It is asserted by counsel for appellant that, because the extinguishment of the liabilities assumed by the defendants will reduce the aggregate amount of the assignor's indebtedness, and thus lead to the payment of increased dividends out of the assigned estate to the remaining creditors, plaintiff has a substantial interest in the specific performance of defendant's promise. Evidently this proposition proceeds from a mistaken conception of the duties of an assignee for the benefit of creditors. His only duty is to reduce to his possession the estate assigned to him, and to distribute it as directed by the deed of assignment, and the statutes for such cases made and provided, (*In re Holbrook*, 99 N. Y. 539, 2 N. E. Rep. 887,) among the actual, *bona fide*, and subsisting creditors of his assignor, in proportion to their demands, after crediting the assignor with all proper offsets and counterclaims. If one not interested in the assigned estate has assumed the payment of certain of the assignor's debts, the damage ensuing to the assignor from the nonperformance of this obligation is properly recoverable by the assignee, but it is nowhere made incumbent upon the latter, by statute, by the deed of assignment, or otherwise, to secure the assignor's discharge from his debts and liabilities, or to enforce the specific performance of an agreement to pay, or otherwise satisfy one or more of such debts and liabilities, so that the remaining creditors may derive a benefit in increased dividends out of the assignor's estate, unless assets upon which such debts and liabilities may be liens are involved, and any attempt by the assignee so to do is an act of mere supererogation on his part. Chapter 314, Laws 1858, authorizes an assignee for the benefit of creditors to maintain an action for the recovery of property disposed of in fraud of the rights of creditors. It is apparent that this statute has no application to the present case, and, exclusive of the additional rights thereby conferred, the ability of an assignee for the benefit of creditors to acquire by assignment any right to maintain an action, which might have been maintained by his assignor, must be measured by that of any other person to whom the same right is attempted to be assigned; and this extends only to the acquisition of rights of action the successful prosecution of which carries with it the recovery of property, real or personal, in action or in possession, and not to torts *ex delicto*, or to such actions the confessed purpose of which is to secure some exclusive advantage to the assignor.

The purpose of the present action was to secure the assignor's immunity from the specific debts and liabilities which the defendants had agreed to satisfy, and its prosecution excludes any intention to recover damages resulting to the assignor from defendants' failure to perform their agreement,—property which was included among the assets assigned. This immunity is personal to the assignor, and incapable of transfer. That others who may ultimately be entitled to participation in the distribution of the assigned estate, if the assignor is freed from his obligation to pay certain debts or discharge certain obligations, will be benefited, is not an answer to the objection to the maintenance of this action. With as great tenability could it be urged that an assignee for the benefit of creditors, by virtue of the assignment to him, acquires the right of the assignor to maintain and prosecute an action for the annulment of the latter's marriage, because, if the marriage is annulled, the real estate assigned will be freed from the wife's inchoate right of dower, and the husband's creditors benefited to that extent. The pretense, therefore, of an assignment to the plaintiff of the assignor's right to maintain and prosecute an action for the specific performance of defendants' agreement, amounts to nothing more than an assertion that the assignor has undertaken to assign to the plaintiff a bare right to litigate for the former's benefit exclusively; but, to secure his *locus standi* in a court of equity, it must appear that the assignee's successful prosecution of the action is susceptible of personal enjoyment by him; otherwise the assignment is void as against public policy, and as savoring of maintenance. 3 Pom. Eq. Jur. § 1276, and note 2; 1 Amer. & Eng. Enc. Law, p. 833, note 1; *Prosser* v. *Edmonds*, 1 Younge & C. 481; *Dickinson* v. *Burrell*, L. R. 1 Eq. 337; *Traer* v. *Clews*, 115 U. S. 528, 6 Sup. Ct. Rep. 155; *Graham* v. *Railroad Co.*, 102 U. S. 156, 161; *Milwaukee & M. R. Co.* v. *Milwaukee & W. R. Co.*, 20 Wis. 174, 183; *Powell* v. *Knowler*, 2 Atk. 224; *Hill* v. *Boyle*, L. R. 4 Eq. 260; *De Hoghton* v. *Money*, L. R. 2 Ch. App. 164, 169; *McMahon* v. *Allen*, 35 N. Y. 408; *Flood* v. *Finlay*, 2 Ball & B. 9.

Although the demurrer was to the counterclaim, it was proper on the trial thereof to inquire into the sufficiency of the complaint, and, the latter failing to show a cause of action, to render judgment for its dismissal. *Corning* v. *Roosevelt*, (Sup.) 11 N. Y. Supp. 758.

Judgment affirmed, with costs. All concur.