(10 Misc. Rep. 161.)

### FORKER v. BROWN et al.

(Common Pleas of New York City and County, General Term. November 5, 1894.)

1. TRUSTS—ACTION AGAINST CONSTRUCTIVE TRUSTEES—PLEADING.

In an action against directors of a railroad company for an accounting as trustees under a constructive trust, the complaint states a cause of action against defendants where it alleges that they caused the company to issue to them for their personal benefit a large amount of its capital stock at less than its par and market value, from the sale of which defendants derived large profit, and that defendants caused the company to enter into a construction contract, in which defendants were personally interested, and from which they derived a profit.

2. RECEIVERS— RIGHT TO SUE—COMPLAINT.

A complaint, in an action by a receiver against the directors of a corporation to charge them as constructive trustees, which merely alleges that plaintiff was appointed receiver of the company, without specifying the nature of the receivership or of the action or proceeding in which plaintiff was appointed, does not, in the absence of averments that there are creditors, or that the company is insolvent, or that the stockholders have repudiated the transactions in question, disclose a cause of action to disaffirm such transactions.

Appeal from equity term.

Action by Howard J. Forker, as receiver of the Rochester & Pittsburgh Railroad Company, against Walsion H. Brown, Frederick A. Brown, and Herbert P. Brown, for an accounting.    The complaint was dismissed, and plaintiff appeals.    Affirmed.

Argued before DALY, C. J., and BISCHOFF and GIEGERICH, JJ.

William Strauss, for appellant.

Robert G. Ingersoll, Wheeler H. Peckham, and Thomas F. Wentworth, for respondents.

BISCHOFF, J.    No evidence was adduced on the trial, and the complaint was dismissed for insufficiency of the facts alleged to constitute a cause of action.    The judgment recites that certain allegations of the complaint (those referring to the construction contract of the railroad company with Brown, Howard & Co.) were waived or withdrawn in open court; but, since the record does not support the judgment in this respect, we are constrained to predicate our decision of the complaint as it was presented to us upon this appeal. Kley v. Healy, 127 N. Y. 555, 28 N. E. 593.

Fraud, in law, is of two kinds,—actual and constructive.    The

former arises from deception practiced by means of the misrepre-
sentation or concealment of a material fact; the latter, from a rule
of public policy, or the confidential or fiduciary relation which one
of the parties affected by the fraud sustained towards the other.   It
is a constituent of actual fraud that the party alleged to have been
defrauded was deceived.   Lefler v. Field, 52 N. Y. 621.   No positive
dishonesty of purpose is required to show constructive fraud.   8 Am.
& Eng. Enc. Law, p. 635.   The facts constituting the fraud must be
alleged; that is to say, the complaint must set forth the issuable or
ultimate facts of which the claim of fraud is predicated.   Goodrich
v. Dorman (Com. Pl. N. Y.) 14 N. Y. Supp. 879.   Fraud not alleged
cannot be proved.   Bank v. White, 6 N. Y. 236; Balley v. Ryder, 10
N. Y. 363.   Treating the complaint in this action as one predicated
of actual fraud, it is incontestably true that the facts alleged are in-
adequate to a cause of action.   No misrepresentation, no conceal-
ment, and no deception is charged or inferable from the facts alleged.
True, the complaint says that the defendants "conspired and con-
federated together" to defraud the railroad company; but this, with-
out allegations to the effect that the company was deceived, is pal-
pably insufficient.   Fraud is never predicable of a mere "emotion
of mind."   To be actionable, there must have been a wrong commit-
ted and an injury sustained.   People v. Cook, 8 N. Y. 67.   Omissions
in the complaint are cured by admissions in the answer (Straus v.
Trotter [Com. Pl. N. Y.] 26 N. Y. Supp. 20); but denials merely, al-
though of matter which a properly framed complaint ought to have
affirmatively alleged, do not supply the omission of such matter.
Tooker v. Armoux, 76 N. Y. 397; Scofield v. Whitlegge, 49 N. Y. 259.

Assuming the plaintiff, in his capacity as receiver, to have suc-
ceeded to all the rights and property of the railroad company, and
viewing the complaint as one grounded in constructive fraud, its
allegations are sufficient.   The facts alleged, and the facts inferable
from such as are alleged, all of which must, for the purposes of the
motion to dismiss the complaint, be taken as admitted (Cutler v.
Wright, 22 N. Y. 472; Marie v. Garrison, 83 N. Y. 14; Kain v. Larkin,
141 N. Y. 144, 36 N. E. 9), are, in substance, that the plaintiff was
duly appointed and has duly qualified as receiver of the Rochester
& Pittsburgh Railroad Company, a corporation organized under the
laws of the state of New York in September, 1881; that the plaintiff
was, by order of the court, permitted to prosecute this action; that
the defendants, while severally  directors of the railroad company,
and acting or in duty bound to act as such, caused the railroad com-
pany to issue to them, for their personal benefit, $4,000,000 of its
capital stock in exchange for an equal amount of the capital stock
of the Rochester & Pittsburgh Coal & Iron Company, which the de-
fendants owned as individuals, and which was of lesser value than
the railroad stock; that, again, while the defendants were such di-
rectors, acting or in duty bound to act as such, they caused the
railroad company to issue to them, for their personal benefit, $20,000,-
000 of its capital stock at less than its par and market values, from
the sale of which stock the defendants have derived large profit;
and, lastly, that while such directors, acting or in duty bound to act

as such, they caused the railroad company to enter into a contract with Brown, Howard & Co. for the construction of its way and the extensions thereof, in which contract and its performance the defendants were at the time personally interested, and from which they derived a considerable profit. Directors of corporations are fiduciaries, and subject to the rule that persons standing in such a relation will not be suffered to retain a personal profit out of transactions respecting the subject-matter of the trust, but will be compelled to account to their cestuis que trustent therefor. Beach, Mod. Eq. Jur. §§ 127, 845; 17 Am. & Eng. Enc. Law, p. 91, etc.; Beach v. Miller (Ill. Sup.) 22 N. E. 464, 17 Am. St. Rep. 298, and note; Munson v. Railroad Co., 103 N. Y. 58, 8 N. E. 355; Koehler v. Iron Co., 2 Black, 715, 17 Lawy. Ed. 339, and note; Wardell v. Railroad Co., 103 U. S. 651; McGourkey v. Railway Co., 146 U. S. 536, 13 Sup. Ct. 170, 36 Lawy. Ed. 1079, and note. As in other cases of fraud, whether actual or constructive, the contract of a corporation with one or more of its directors is not void, but voidable merely at the election of the corporation, or others affected by the fraud. Skinner v. Smith, 134 N. Y. 240, 31 N. E. 911, and cases there cited. In the case of constructive fraud, however, arising from the fiduciary relation of the person charged therewith, the cestui que trust is not required to show that the contract was iniquitously conceived by the fiduciary. Neither can the election of the cestui que trust to avoid the contract be defeated by showing that the contract was in every respect fair and reasonable, and prompted by none but honest motives on the part of the fiduciary. Munson v. Railroad Co., supra.

A vice of the complaint, however, whether it be considered as one for actual or constructive fraud, is that the plaintiff's right to disaffirm the transactions between the railroad company and the defendants does not appear. It is not alleged that there are creditors of the railroad company, or that the company is insolvent; hence the plaintiff cannot insist that he may avoid or disaffirm the acts of the company done in fraud of the rights of creditors or others interested in the trust estate, pursuant to the authority conferred upon receivers and trustees generally by chapter 314 of the Laws of 1858. Only such as are affected by the fraud may complain thereof. French v. Shotwell, 5 Johns. Ch. 555, affirmed 20 Johns. 668. Yet it does not appear that either the railroad company or its stockholders have repudiated the transactions with the defendants. Until such appears, no cause of action is extant. Furthermore, the right to disaffirm a contract or conveyance on the ground of fraud is inseparable from the equitable title to the property affected thereby. McMahon v. Allen, 35 N. Y. 403; Graham v. Railroad Co., 102 U. S. 148, 26 Lawy. Ed. 106; Dickinson v. Burrell, L. R. 1 Eq. 337; Williams v. Boyle, 1 Misc. 364, 20 N. Y. Supp. 720; Greenh. Pub. Pol. 432, etc. But the complaint does not apprise us that the plaintiff has succeeded to the railroad company's equitable title to the moneys sought to be recovered in this action. No transfer or assignment from the company is alleged. So far as appears, the plaintiff, as receiver, is no more than the custodian of its property, without title, legal or equitable, thereto. Keeney v. Insurance Co., 71 N. Y. 396. With-

out statutory provision to that effect, no transfer of title follows by operation of law from the appointment of a receiver of the property of a corporation. Decker v. Gardner, 124 N. Y. 335, 26 N. E. 814.

The complaint informs us that the plaintiff was "appointed the receiver of the property of the said railroad company, as also its books, papers, stock, bonds, rights, claims, franchises, contracts, things in action, and effects of every kind and nature, with the usual power and duties of receiver;" but neither of the nature of the plaintiff's receivership, nor of the nature of the action or proceeding in which he was appointed receiver, is there any intimation. It is only in proceedings instituted for the purposes of the dissolution of a cor poration that the title to the corporate property is transferred to the receiver, and the corporate existence is merged in the receivership, but that is only by force of the statute for such cases made and provided. Decker v. Gardner, supra. It is not to be inferred, therefore, that the plaintiff has any title whatever to the moneys sought to be recovered in this action; and, without such title, he is without right to disaffirm the contracts under which the defendants are alleged to claim the right to the possession of those moneys. Where the plaintiff does not ask for leave to amend, and the facts alleged in the complaint do not set forth a cause of action, the granting of a motion to dismiss the complaint is not a matter of discretion. It is error to deny it. Tooker v. Armoux, 76 N. Y. 397; Scofield v. Whitelegge, 49 N. Y. 259; Coffin v. Reynolds, 37 N. Y. 640.

The judgment should be affirmed, with costs. All concur.