(11 Misc. Rep. 184.)

## MOSS v. COHEN et al.

(Common Pleas of New York City and County, Special Term. January, 1895.)

1. CONTRACTS—PARTIES—MATTER DESCRIPTIO PERSONAE.

A bond executed to "S., executrix, and R. and D., executors, etc., of S., deceased, and to them and each of them severally and individually," given to indemnify the obligees against the consequences to them of a contemplated devastavit, runs to the obligees personally, as the words "executrix," etc., are merely descriptio personae.

2. SAME—VALIDITY—PUBLIC POLICY.

A bond given to indemnify executors against a contemplated devastavit of the estate is void as against public policy.

Action by Ralph Moss, individually and as surviving executor, against Jacob Cohen and others, on a bond given by defendants to indemnify plaintiff against loss which might result from the diversion of a trust fund. Plaintiff demurs to parts of the answers. Complaint dismissed.

Weed, Henry & Meyers, for plaintiff.

Abraham Cohen, for defendants.

BISCHOFF, J. The action is upon a bond executed by the defendants, as obligors, to "Sophia Moss, executrix, and Ralph Moss and David Moss, executors, etc., of Solomon D. Moss, deceased, and to them and each of them severally and individually," in a specified sum, to be paid "to the said Sophia Moss, Ralph Moss, and David Moss, as aforesaid, their legal representatives or assigns." Clearly, the literal sense of the obligation is that the obligors thereby intended to be bound to the obligees personally, and not to them in their representative capacities, the words "executrix" and "executors" of the will of Solomon D. Moss, deceased, being descriptio personae only. Peck v. Mallams, 10 N. Y. 509; Litchfield v. Flint, 104 N. Y. 543, 11 N. E. 58. Nor is the actual intent of the parties at the time of the execution and delivery of the bond, as it is to be gathered from the allegations of the complaint, at variance with the literal sense of the language employed. The bond was given to indemnify the obligees against the consequences to them of a contemplated devastavit in their offices as executrix and executors, etc., of Solomon D. Moss, deceased; irrefragably a personal liability. 5 Am. & Eng. Enc. Law, 658; 7 Am. & Eng. Enc. Law, 346. At its maturity, therefore, a cause of action accrued, if at all, to the obligees personally, and not to them as executrix and executors, respectively.

The defendants severally answered, interposing as defenses that the bond was given for an illegal consideration, that it has not matured, and that the action was not commenced within the time prescribed by law. To these defenses the plaintiff demurred for insufficiency. Upon the trial of a demurrer to the answer, however, for deficiency in substance, judgment must, in any event, be rendered for the defendant if the complaint is open to the same objection. 5 Am. & Eng. Enc. Law, 560, and authorities collated in the notes; Williams v. Boyle, 1 Misc. Rep. 364, 20 N. Y. Supp.

720; Corning v. Roosevelt (Sup.) 11 N. Y. Supp. 758. For the reasons stated above, the complaint fails to show a cause of action in the plaintiff as executor. I am of the opinion that it also fails to show a cause of action in him personally.

The bond is annexed to and made a part of the complaint ipsissimis verbis, and, taking the recitals of the one with the allegations of the other, it appears that Solomon D. Moss died in 1866, leaving a last will and testament, wherein and whereby he disposed of his residuary estate to his executrix and executors, in trust to pay the income thereof to his widow for life, upon her death to pay the income of $12,000 to his daughter, Fanny Cohen, for life, and upon the death of the daughter to distribute the principal sum set apart for her use among her then surviving issue; that the widow and the testator's two sons, Ralph and David, were named as executrix and executors, respectively, of the will; that the will was admitted to probate, and that the executrix and executors named duly qualified as such; that to induce the daughter, Fanny Cohen, to forego a contest of her father's will, an arrangement was entered into, whereby the executrix and executors agreed to pay her at once $6,000 of the sum to be set apart for her and her issue upon her mother's death, and she agreed in return to indemnify the executrix and executors against any further payment of the same sum; that this arrangement was carried out by the payment of the money and the delivery of the bond of indemnity upon which this action is brought, executed by the said Fanny Cohen and her husband as obligors; that thereafter, in appropriate proceedings instituted in the surrogate's court, the plaintiff, at the time the sole surviving executor, was permitted to resign his trust in respect to the fund directed to be set apart for the benefit of the said Fanny Cohen and her issue, and that the Farmers' Loan & Trust Company was appointed trustee in his place and stead; that in such proceedings, the said Fanny Cohen objecting to the plaintiff's accounts as such trustee, he was not credited with the payment of the $6,000 to her, but was directed to pay, and did pay, the full amount of the trust fund to the substituted trustee. This payment, so made under the direction of the surrogate's court, it is contended, was an event upon the happening of which the bond was, pursuant to its terms, to mature. Hence this action.

Waiving any question respecting the maturity of the bond, it remains that its enforcement would be in contravention of public policy and law. The intended obligation never had an inception; it was void ab initio; and therefore never was and is not actionable. The agreement for which the bond constituted a consideration was that the obligees should, by diverting trust funds, commit a breach of trust, a devastavit in their offices, respectively, of executrix and executors of and trustees under the will of Solomon D. Moss, deceased. That a promise of indemnity made under such circumstances is void as against public policy is a proposition abundantly sustained in principle and by authority. Greenh. Pub. Pol. 211, 306; 1 Whart. Cont. § 408; 1 Lewin, Trusts, 349; Pierson v. Thompson, 1 Edw. Ch. 212, 218; Coventry v. Barton, 17 Johns.

142; Love v. Palmer, 7 Johns. 159; Richmond v. Roberts, Id. 319; Webber v. Blunt, 19 Wend. 190; Griffiths v. Hardenbergh, 41 N. Y. 464, 469; 10 Am. & Eng. Enc. Law, 406, and cases cited in note 1. "Ex dolo malo non oritur actio." Broom, Leg. Max. (8th Am. Ed.) 729 et seq. "Pacta quae turpem causam continent non sunt observanda." Id. 732 et seq. Hence, "In pari delicto melior est conditio possidentis." Id. My attention was called to Wetmore v. Porter, 92 N. Y. 76, where it was held that a trustee, as such, is not in pari delicto with one to whom he has tortiously disposed of trust assets with notice of their quality, and that the former may, therefore, notwithstanding his own collusive conduct, recover the assets from the latter. The principles enunciated in that and like cases (Lee v. Horton, 104 N. Y. 538, 11 N. E. 51; Zimmerman v. Kinkle, 108 N. Y. 282, 15 N. E. 407; Deobold v. Oppermann, 111 N. Y. 531, 19 N. E. 94; Place v. Hayward, 117 N. Y. 487, 23 N. E. 25; Hood v. Hayward, 124 N. Y. 1, 26 N. E. 331), however, are not controlling in the case at bar. In the several cases last above referred to, the action was by the trustee as such, and in disaffirmance of the unlawful transfer. Here the action is for the benefit of the executor personally, and, by proceeding upon the bond, is in affirmance of the prohibited agreement. There should be judgment for the defendants for the dismissal of the complaint, with costs. Complaint dismissed, with costs.