(15 Misc. Rep. 108.)

### MOSS v. COHEN et al.

(Common Pleas of New York City and County, General Term. December 27, 1895.)

1. JOINDER OF CAUSES OF ACTION—INDIVIDUAL AND REPRESENTATIVE RIGHTS.
   A claim in an individual right and a claim in a representative right may not be united in the same complaint.
2. CONTRACTS—VALIDITY—PUBLIC POLICY.
   A bond of indemnity to a testamentary trustee to induce a misappropriation of the trust fund is incapable of supporting an action.

3. MONEY HAD AND RECEIVED—MISAPPROPRIATION OF TRUST FUND.
   If the plaintiff make good the fund of which he is trustee by moneys
   of the estate of which he is executor, as executor he can maintain no-
   action against the party to whom he paid the trust fund.
   Daly, C. J., dissenting.

(Syllabus by the Court.)

Appeal from special term.

Action by Ralph Moss, individually and as surviving executor of Solomon D. Moss, deceased, against Jacob Cohen and Fanny Cohen. Defendants demurred to the amended complaint on the ground (1) that the complaint did not state facts sufficient to constitute a cause of action; (2) that there is an improper joinder in said complaint of two alleged causes of action, to wit, one by the plaintiff individually, and one by him as executor of the will of Solomon D. Moss; (3) that the complaint does not state facts sufficient to constitute a cause of action in favor of plaintiff individually; nor (4) in favor of plaintiff as executor. The demurrer was sustained, and plaintiff appeals. Affirmed.

For decision on demurrer to the original complaint, which was dismissed with leave to amend, see 32 N. Y. Supp. 1078.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Weed, Henry & Meyers, for appellant.

George H. Yeaman and Abraham Cohen, for respondents.

PRYOR, J.    Upon receiving a bond of indemnity from the defendants, the plaintiff, executor and testamentary trustee, paid to defendant Fanny Cohen $6,000 of the principal of a trust fund, in which her only interest was the income during life. Having made good the fund of which he was trustee by moneys of the estate of which he is executor, the plaintiff sues the defendants for $6,000; and the question on demurrer is whether, in any aspect of the complaint, he is entitled to a recovery.

As well by the summons as by the title of the cause in the complaint, the plaintiff purports to prosecute an individual and an executorial claim in one and the same action; but that he may not sue in such double capacity is settled by authority. Hall v. Fisher, 20 Barb. 441; Lucas v. Railroad Co., 21 Barb. 245. Assuming, as contended by plaintiff, that it appears by the substance of the amended complaint that he claims only in a single right, and that a representative one, nevertheless he may not maintain the action on the bond, because it runs to him personally, and not as executor. Moss v. Cohen, 11 Misc. Rep. 184, 32 N. Y. Supp. 1078. Nor, indeed, can there be a recovery upon the bond in any capacity, because given as indemnity against the consequences of an unlawful act, namely, a violation by a trustee of his fiduciary obligations,—an act, the illegality of which is conclusively presumed to be known to the plaintiff. Lee v. Horton, 104 N. Y. 538, 541, 11 N. E. 51. Apparently, the misappropriation of the trust fund by the plaintiff was a criminal offense. Pen. Code, § 528, subd. 2. But, though otherwise, the diversion of the fund in contravention of the terms of the trust, and in breach of the plaintiff's legal duty, was an act which it was not lawful to induce by a promise of indemnity. Forsyth v. Woods, 11 Wall. 484.

Upon this point, we are content with the argument of the learned judge in disposing of the case on demurrer to the original complaint. Moss v. Cohen, 11 Misc. Rep. 184, 187, 32 N. Y. Supp. 1078.

The plaintiff insists, however, that independently of the bond, on the facts as recited in the amended complaint, he is entitled to relief, upon the theory that, as executor, he sues to recover for the estate he represents a fund wrongfully diverted into the hands of the defendants. If the action be to restore to the $12,000 trust fund the $6,000 paid to defendants, a twofold defense is obvious: First, that the action may not be maintained by the plaintiff as executor, but only by his successor trustee, in whom is vested the legal title; and, secondly, that the $12,000 trust fund has been replenished, and is now entire and intact. But, contends the plaintiff, the $6,000 which made good the trust fund was taken from the assets of the estate he represents, and the action is to recover from the defendants the $6,-000 so diverted from the general moneys of the estate; to which the sufficient answer is that the defendants have neither received any part of this $6,000 of the general assets, nor is it shown that they were privy to its appropriation to replace the sum they got of the trust fund. Both in Wetmore v. Porter, 92 N. Y. 76, and Lee v. Horton, 104 N. Y. 538, 11 N. E. 51, the defendants held money belonging to the estate. Here the defendants have nothing of the trust fund, because it is intact, nor of the general assets, because of these they never received a dollar. The plaintiff must himself repair the devastavit he has committed upon the estate by appropriating the $6,000 in reinstatement of the trust fund, to which, we repeat, the defendants were not privy; and if, as an individual, he may not reimburse himself by recourse to the defendants, it is because the transaction between him and them, being unlawful, is incapable of supporting a promise of indemnity, either express or implied.

Judgment affirmed, with costs, and without leave to further amend.

BISCHOFF, J., concurs.

DALY, C. J. (dissenting). From the allegations of the complaint, all of which are admitted by the demurrer, it appears that the plaintiff, Ralph Moss, and David and Sophia Moss, were executors under the will of Solomon D. Moss, who left surviving him his widow, the said Sophia Moss, and several children, including the defendant Fanny Cohen, then married to the defendant Jacob Cohen, and this plaintiff and his coexecutor David; that by the will the whole estate, after paying certain legacies, was to be sold by the executors, and the proceeds invested by them, and the income paid to the widow for life, and after her death the income of $12,000 was to be applied to the use of the defendant Fanny during her life, and upon her death the said principal was to be distributed equally among her children. It also appears from the complaint that, when the will was offered for probate, the defendant Fanny gave notice that she would contest it upon the ground, among others, that the sum of $12,000, the income of which she was to enjoy after her mother's death, and the principal of which her children were to receive after her death, she did not regard as sufficiently assured to her and them;

that in consideration of her making no contest, and permitting the will to be proved, and letters testamentary to be issued to the executrix and executors, the latter, for the purpose of assuring the application of said fund to her benefit and that of her children, should pay over to her, from the funds of the estate, $6,000, and receive her and her husband's bond for the application of said sum to her use and her children's use, as mentioned in the will, and give a mortgage on real estate of the deceased to secure the application of the balance of said $12,000 to the same use. It appears that the agreement was carried out, the will admitted to probate, and letters testamentary issued; that the executors paid over to the defendants $6,000 out of the funds of the estate, and received from them a bond, a copy of which is annexed to the complaint, and delivered the mortgage upon the real estate of the deceased; and that in so doing the executors were advised and believed that they were acting lawfully, and, in taking the bond from the defendants, were advised and believed that they were receiving adequate security for the application of said $6,000 to the purposes specified in said will, so far as the rights of the defendant Fanny and her children were concerned. This took place in the year 1866, the bond being dated October 10, 1866. It also appears that the executors and executrix entered upon the performance of their duties, and so continued down to September, 1891, when the widow of the testator died, and until November, 1892, when one of the executors, David Moss, died, leaving the plaintiff, Ralph Moss, sole surviving executor, and all of the other children of the testator still living. The defendants, Fanny Cohen and her husband, have several children entitled to receive the principal sum of $12,000 at her death. They commenced proceedings before the surrogate to remove the plaintiff as trustee, and to require him to account for the said fund. He deposited the whole sum of $12,000 in the Farmers' Loan & Trust Company for the purpose of showing that the trust fund of said children was in no jeopardy, and the application to remove him was denied; but he resigned as trustee, which resignation was accepted upon his accounting for the trust funds, and the said trust company was appointed in his place. Upon his accounting as trustee, he credited himself with the payment of the $6,000 to the defendant Fanny; but this payment was disallowed, upon the objection of the defendant and her children. The allegation of the complaint is that the $12,000 deposited in the trust company was made up with the money of the estate; and the complaint demands judgment against the defendant and her husband upon their bond, for the recovery of the $6,000 advanced to them.

From these admitted facts, it appears that the executors advanced to the defendants in 1866, out of the funds of the estate, the sum of $6,000, and that this action is brought by the surviving executor to recover it. Leaving out of view the form of security delivered by the defendants to the executors at the time of making such advance, the plaintiff, as executor, would be entitled to recover for the estate the money so advanced, "whether the action be regarded as one to recover money loaned, or to reclaim money illegally disposed of by the executors, or upon the contract." Lee v. Horton, 104 N. Y. 538, 11 N. E. 51. As was said in that case, all of the parties dealing with

the fund knew it to be the subject of a trust, and not capable of alienation, and that its trust character followed it into the hands of any person receiving it with knowledge of the facts; and the estate has not been made good in any way for the sum so alienated.  The particular fund of $12,000 deposited with the trust company, as appears by the complaint, has been made up from the funds of the estate, which is therefore still the creditor of the defendants for the money advanced to them.  The plaintiff also claims to recover by virtue of the bond executed by the defendants to the executors on the receipt of the $6,000.  This bond runs to Sophia Moss, executrix, and Ralph Moss and David Moss, executors, of the last will and testament of Solomon D. Moss, deceased, and is payable to them and their legal representatives or assigns; and its condition is that the obligors shall indemnify and save harmless the said executrix and executors and their legal representatives from and against the repayment of the said sum of $6,000 to any person or persons who may be entitled under and by said will to the same.  It is alleged in the complaint, and admitted by the demurrer, that this bond was exectued by the defendants upon an agreement by them to give a bond for the application of the said $6,000 to the use of the defendant Fanny and her children, as mentioned in the will, and was taken by the executors in the belief that they were receiving adequate security for such application, so far as the rights of the defendant Fanny and her children were concerned.  It thus appears that the instrument was not intended as a bond of indemnity merely, but as security for the estate, and the application of the money to the purposes of the trust.  It was made to the executors, describing them as such; but, if it had been made to them as individuals, it could be enforced for the benefit of the estate, if it were given and received for the security of the estate.  The instrument is not conclusive that it was given to the executors for their individual benefit only.  In a case where a bond and mortgage was given to one described as administrator, but sued upon by the assignee of his personal representatives, it was held that such an action upon it might be maintained, as all but the description in the premises indicated a conveyance to him for his own use and benefit; but it was also held that it was open to the defendant to aver and prove that the mortgage was given to the administrator in his representative capacity, as the mortgage itself was not conclusive that it was given to the administrator as his own property.  Renaud v. Conselyea, 5 Abb. Prac. 346.  It is competent, therefore, for the plaintiff to prove, as he has averred, that the bond in this case was given for the benefit of the estate, and is therefore the property of the estate, and enforceable by the surviving executor.  As the case comes up upon a demurrer, all of the questions which might be litigated under a denial of the averments of the complaint are out of the case, for the allegations of the complaint are uncontroverted. There seems to be but one cause of action, for the recovery of but one sum; and the joining of the plaintiff in his individual as well as his representative capacity, as party plaintiff, if improper, is not objected to by the demurrer.  Upon the merits, a defense to the recovery of the $6,000 advanced to the defendants out of the funds of the estate, seems to be wholly unconscionable.  If it prevails, the

defendant Fanny Cohen would receive and be allowed to retain $6,000 in cash, in addition to the income of $12,000 provided by the will, to the detriment of the estate and the other parties entitled to share in it.    This injustice may be averted by the judgment claimed under the allegations of the complaint.

The judgment sustaining the demurrer should be reversed, the demurrer overruled, and judgment entered for the plaintiff.