(29 Misc. Rep. 555.)

## TUTHILL v. CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. November, 1899.)

1. GREATER NEW YORK CHARTER—CORONERS—ABOLITION OF OFFICE.

Laws 1897, c. 378 (Greater New York Charter) §§ 1570, 1571, provide for the number of coroners to be thereafter elected in the different boroughs of the consolidated cities, and declare that they shall possess all the powers and perform all the duties vested in or imposed on coroners by any law of the state or of the city, as theretofore constituted. *Held,* that the office of county coroner within the territory of the new city as it theretofore existed was abolished and came to an end when the new charter took effect, on January 1, 1898.

2. PLEADING—DEMURRER TO ANSWER—CONSIDERATION OF COMPLAINT—DISMISSAL—AMENDMENT.

On demurrer to the answer, the complaint may be considered; and, if it is not sufficient, the demurrer should be overruled and the complaint dismissed, without leave to amend, where it appears impossible to make it good by an amendment.

Action by Theodore K. Tuthill against the city of New York. Plaintiff demurs to the answer. Demurrer overruled, and complaint dismissed.

Charles Haldane, for plaintiff.

John Whalen, Corp. Counsel (Charles Blandy, of counsel), for defendant.

BEEKMAN, J. The plaintiff was elected in 1896 to the office of coroner of the county of New York for the term of three years from and after December 31, 1896. He now sues to recover salary which he claims he is entitled to receive for the months of January and February, 1898. The defendant, in its answer, has set up a separate defense, under which it contends that the term of office of the plaintiff was abridged by subsequent legislation, and came to an end on the 1st day of January, 1898. To this a demurrer has been interposed on the ground of insufficiency. Sections 1570 and 1571 of the Greater New York charter (chapter 378, Laws 1897) provide that thereafter four coroners shall be elected in the borough of Manhattan, two in the borough of the Bronx, two in the borough of Brooklyn, three in the borough of Queens, and two in the borough of Richmond, and that each of said coroners shall possess all the powers and perform all the duties vested in or imposed upon coroners by any existing laws relating to coroners in the city of New York "as heretofore known and bounded, or by any law of this state." It has been held that the effect of this legislation was to substitute a new system for the selection of coroners for the old, which required such officers to be chosen by the electors of the county, and that the office of county coroner within the territory of the new city, as the same theretofore existed, was abolished and came to an end when the new charter took effect, namely, on January 1, 1898. People v. Blair, 21 App. Div. 213, 47 N. Y. Supp. 495; affirmed by the court of appeals, on the opinion below, in 154 N. Y. 734, 49 N. E. 1102. It appears that the relators there instituted two proceedings, —one for a mandamus to compel the respondents to receive and file

their certificates of nomination as candidates for the offices of coroners of the borough of Brooklyn, under the new charter, and the other for a similar writ to compel said board to receive and file their certificates of nomination as candidates for the office of coroners of the county of Kings. The writ was granted in the proceeding first mentioned, but denied in the other. The question which was there decided, as above stated, was thus fully before the court, and an inspection of the briefs of counsel upon the appeals to the court of appeals shows that it was thoroughly discussed before that tribunal. The decision is as applicable to the county of New York as it is to the county of Kings, and there is no room for distinguishing the cases, as the counsel for the plaintiff has sought to do. It follows, therefore, that the term of office of the plaintiff came to an end on the 1st day of January, 1898, and with it the right to receive the salary for which he sues. It is a well-settled rule that where the answer is demurred to the entire record is open to examination, and the court has the right to consider the complaint, and, if it fails to state facts sufficient to constitute a cause of action, the demurrer to the answer should be overruled and the complaint dismissed. Corning v. Roosevelt (Sup.) 11 N. Y. Supp. 758; Williams v. Boyle, 1 Misc. Rep. 364, 20 N. Y. Supp. 720; and especially Henriques v. University, 28 App. Div. 354, 51 N. Y. Supp. 284.

In the case at bar the invalidity of plaintiff's claim does appear upon the face of the complaint, and in overruling the demurrer judgment should also be awarded in favor of the defendant, dismissing the complaint, with costs. As it does not seem to be possible for the plaintiff to make his complaint good by amendment, leave to amend is not granted. Judgment is ordered accordingly.

Judgment accordingly.