## LANDES v. HART et al.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

CONTRACTS (§ 113*)—VALIDITY—PUBLIC POLICY.

　　An agreement with a director of a corporation, by persons seeking to get a contract to do work for it, to pay him a certain amount, if he should procure them the contract for the work, is void, as against public policy, though his co-directors knew of it.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 538–540; Dec. Dig. § 113.*]

Appeal from Trial Term, New York County.

Action by Gregor Landes against Patrick A. Hart and another. From a judgment on a verdict for plaintiff, and from an order denying a motion for new trial, defendants appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

John J. Kenney, for appellants.
Alfred Steckler, for respondent.

HOUGHTON, J. The plaintiff was a director of the Baltic Land & Improvement Company, which owned a tract of land requiring extensive grading, laying out of streets, and sewering for building purposes. Negotiations were entered into with the defendants for doing such work, and resulted in a contract therefor amounting to upwards of $10,000. Plaintiff had had interviews with defendants respecting such contract, and claims that the defendants promised to pay him at least $500 if he should procure for them the contract for the work

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

115 N.Y.S.—22

from his corporation. The plaintiff recommended to his board of directors that the contract be let to the defendants, and put the motion to that effect, and voted that the resolution be adopted. The defendants entered upon the prosecution of the work, and at the time of the commencement of the action had received certain of the stipulated partial payments.

The learned trial court submitted the case to the jury on the theory that the plaintiff's claim was valid, provided he disclosed to his co-directors his alleged bargain with the defendants. Some of the directors testified that they knew about it, and others that they did not; but the plaintiff testified a majority of his co-directors had been told of his arrangement with the defendants and made no objection. Whether the plaintiff's co-directors knew of his pretended arrangement with the defendants or not, upon his own showing his contract was illegal and void as against public policy, and his complaint should have been dismissed. Holding the office of director of the contracting corporation, he occupied a fiduciary relation to it, and was a trustee for it and its stockholders and creditors. As such trustee it was his duty to obtain as low a price as he was able from the defendants for the doing of the contemplated work. If the defendants could afford to pay the plaintiff $500 from the amount which they were to receive from the corporation for the work, they could afford to make a contract to do it for $500 less than the stipulated price, and it was plaintiff's duty as director to obtain for his corporation the contract at such reduced amount. The effect of the arrangement which plaintiff claims he had with the defendants was to make a bargain with them to violate his duty toward his corporation. An agreement which is designed, or which in its nature and effect tends, to lead persons who are charged with the performance of trusts or duties for the benefit of others to violate or betray them, is contrary to public policy and void, and cannot be enforced. Bliss v. Matteson, 52 Barb. 335, affirmed 45 N. Y. 22; Moss v. Cohen, 11 Misc. Rep. 184, 32 N. Y. Supp. 1078; West v. Camden, 135 U. S. 507, 10 Sup. Ct. 838, 34 L. Ed. 254; Barkley v. Williams, 26 Ill. App. 213. Such a contract with a third person is not made valid, although the acts of the unfaithful agent may have in fact resulted in benefit to his principal (Lum v. McEwen, 56 Minn. 278, 57 N. W. 662); nor by the fact that the unfaithful director of a corporation informed his co-directors of his corrupt bargain (Munson v. S. G. & C. R. R. Co., 103 N. Y. 59–74, 8 N. E. 355).

Objection is made that the defendants' answer contains only a general denial, and that the illegality of the contract must be affirmatively pleaded. Where from the plaintiff's own proof a contract is shown to be void, as contrary to public policy, a general denial is sufficient. Auerbach v. Curie, 119 App. Div. 175, 104 N. Y. Supp. 233. The contract which plaintiff proved was not only bad in morals, but bad in law, and the judgment must be reversed. There is no possibility of his proving a good contract on a new trial, and the complaint should be dismissed.

The judgment and order reversed, with costs, and the complaint dismissed, with costs. All concur.