The judge on the trial refused to allow the defendants to prove the facts alleged in their answer as a counter-claim, on the ground that the cause of action for the fraudulent representation of the plaintiff, whereby the defendants were induced to enter into the contract of September 17, 1869, and to purchase the interest of Holley in the lease, furniture and business of the St. Cloud Hotel, did not arise out of the contract or transaction, upon which the complaint is founded, and was not connected with the subject of the action. The action is brought for the dissolution of a copartnership between the plaintiff and defendants in the business of keeping that hotel in the city of New York, and for an accounting in respect to the copartnership business. The origin of the copartnership, and the circumstances under which it was commenced, are stated in the complaint, and in the findings of the judge. On and prior to September 17th, 1869, the plaintiff and one Holley were engaged as copartners under the name of More Holley, in conducting the hotel. They held a lease of the premises for a term of years at the annual rent of $32,000, and owned the furniture in the hotel, subject to a chattel mortgage for $64,500, to secure the notes of the firm, given on the purchase of the property. On that day the defendants entered into a written contract with More and Holley, whereby More and Holley agreed to sell to the defendants their interest in the furniture and property, and the lease and good-will of the business for $60,000, to be paid as follows: $31,000 to Holley October 1st, 1869, and $29,000 to More, a part in twelve months, and the balance at such convenient times as should *Page 211 
thereafter be agreed upon between the purchasers and More. The contract, however, reserved to the purchasers the right within two months to elect to receive More as a partner in the business, in which case it provided that he should "accept ten per cent of the profits of said business as compensation for his interest of $29,000." The defendants on the 1st of October, 1869, paid to Holley $31,000, as provided in the contract, and thereupon took possession of the assigned premises and property and commenced the business of keeping the St. Cloud Hotel, and within the two months limited in the contract, notified the plaintiff of their election not to purchase his interest in the lease, property, and business of More Holley, but that they would accept him as a copartner pursuant to the terms of the contract.
The complaint assumes, and the judge finds, that a copartnership was created between the parties under that agreement. The plaintiff sets out the agreement in his complaint, and claims to be allowed on the accounting the sum of $29,000, and in addition his share of the profits of the copartnership business. The defendants allege in their answer that they were induced to enter into the contract and to purchase the interest of Holley in the St. Cloud Hotel, and to engage in the business of keeping it, by false and fraudulent representations of the plaintiff, touching the amount of its business, the profits which More Holley had derived therefrom and the cost of the furniture and property sold to the defendants; that he represented that the profits of the business for nine months prior to the making of the contract, were at the rate of $60,000 a year; that the furniture had cost $143,000, whereas it is alleged that the business was not prosperous, and yielded little if any profit, and that the furniture had cost much less, and was of much less value than the sum represented by the plaintiff. The defendants allege that they sustained damages by reason of the fraud, in that they were induced to pay to Holley a much greater sum than they otherwise would have paid, and much more than the real value of his interest, and there are other *Page 212 
specifications of damage, to which it is unnecessary to refer. Assuming as we must, in view of the ruling of the judge excluding the proof offered to support them, that the allegations contained in the answer are true, it is clear that an action for deceit would lie against the plaintiff, for inducing the defendants to enter into the contract and purchase Holley's interest, in which they would be entitled to recover substantial damages. (Linsey
v. Selby, 2 Ld. Ray., 1118; Dobell v. Stevens, 3 B. C., 623.) And although a joint action might be maintained against More and Holley for the fraud as is suggested in one of the opinions at General Term, the right of action was several also, and the learned judge was clearly mistaken in supposing that both More and Holley must be joined as defendants in an action for the deceit. If the defendants were induced to enter into the copartnership by the fraudulent representations of the plaintiff respecting the value of the business and property, the fraud might be alleged, and damages therefor recovered, as a counter-claim in this action. It would constitute a cause of action in their favor against the plaintiff arising out of the contract upon which the action is founded. It is not necessary to consider whether, independently of the Code, such a cross-defence would be entertained by a court of equity in an action for the dissolution of a copartnership. There are authorities which tend to support the affirmative of this question. (2 Lindley on Part., 1001; Bury v. Allen, 1 Coll., 589; Clifford v. Brooks, 13 Ves., 130; MacKenna v. Parker, 36 L.J. [Eq.], 366.)
But the right to interpose the counter-claim set up in the defendants' answer, cannot be supported on the theory that the fraudulent representation of More directly induced the defendants to enter into the copartnership agreement and relation, which this action is brought to terminate. It is disclosed by the answer of the defendants, that they knew of the fraud at the time they elected to accept the plaintiff as a partner, and that the discovery of the fraud was the reason which induced them to decline to purchase the interest of More. But the *Page 213 
fraud was not discovered until after they had paid Holley for his interest, and had taken possession of the hotel and property and commenced business. They might then have rescinded the contract, but this would not have restored to them the money paid to Holley; and whether he was responsible, or would be so when judgment should be obtained against him, was uncertain. They had the right, for their own protection, to hold the plaintiff to his contract to become a partner, and their election to do so did not relieve him from responsibility for the fraud practiced upon them.
It is not a sufficient answer to the claim to set up the fraud in this action, that the right of action for the fraud is founded upon the representations made anterior to the contract of copartnership. It is true that the copartnership was not immediately created by the contract of September, but that contract made provision for a copartnership at the election of the defendants. It created the obligation which bound the plaintiff as a copartner when that election was made. The action which the plaintiff brings for winding up the copartnership is, in a general sense, founded upon the contract of September seventeenth, which provided contingently for the copartnership subsequently created, and the fraud of the plaintiff, in inducing the defendants to enter into that contract, is so connected with the plaintiff's cause of action as to make the damages sustained by them therefrom an available counter-claim in this action.
Nor do I perceive the force of the objection urged, that an action for an accounting is in effect a several action against each defendant, in which a several judgment, determining the rights of each copartner, is to be rendered, and that a claim for damages existing in favor of the defendants jointly cannot be interposed as a counter-claim. The plaintiff claims a right as against both defendants to a share in the common property, and to be allowed $29,000 as his contribution to the capital. The defendants have a common interest to diminish the claim of the plaintiff upon the fund to be distributed, and there is no practical difficulty in allowing the question *Page 214 
of damages to be adjudicated in this action and deducting the damages, when ascertained, from his share of the partnership assets.
For the reasons stated, we are of opinion that the judge erred in refusing to allow proof of the counter-claim set up in the answer. It is manifest that the respective claims of the parties are capable of easy adjustment in this suit. It has been the policy of the law, in recent times, to allow parties to bring into a single action, so far as it can conveniently be done, all the controversies between them, for final and complete adjustment. The statute of set-off and the doctrine of recoupment have been from time to time extended and enlarged in view of this policy.
The statute of counter-claim is a still further advance in the same direction, and should be liberally construed to accomplish the benign object of its enactment.
The judgment should be reversed and a new trial granted, with costs to abide the event.
All concur; CHURCH, Ch. J., not sitting.
Judgment reversed.