ROBERT F. STOCKTON, receiver of the New Jersey Mutual Life Insurance Co.

*v.*

JOHN J. ANDERSON

A bill filed by the receiver of an insolvent corporation, alleging various frauds by the treasurer and some of the directors, may be maintained against the treasurer alone, without joining as co-defendants all the directors and other persons who are alleged to have participated in the frauds.

---

On demurrer to bill.

*Mr. Frederick W. Stevens,* for complainant.

*Mr. S. A. Noyes* and *Mr. Robert Sewell,* for defendant.

BIRD, V. C.

The bill charges that the defendant, being treasurer of the corporation of which the complainant is now receiver, participated in a fraudulent transaction which resulted in the loss of a large sum of money to the company, for which he is personally and separately liable. The allegation is that the company was possessed of valuable securities, and that certain stockholders and directors entered into an arrangement, by which those securities should be assigned and transferred for their individual benefit; and that, in pursuance of such arrangement, portions of the securities were transferred to three of the directors, and that the further progress of the arrangement was arrested by the protest

of other interested parties, when, to give all the appearance of honesty, checks to the amount of $150,000 were produced and paid into the treasury, and receipted for by Mr. Anderson, the defendant, as treasurer, which he took the responsibility of returning to the drawers, without payment, which left the great wrong complained of unatoned. In this he is charged with fraud.

Notwithstanding the bill clearly shows a plot in which many were concerned, and, if the defendant is liable, are equally so with him, yet he alone is made defendant, for which the bill is demurred to. The defendant insists that all the parties should be before the court, at least the check-drawers and mortgage security holders, so that, in case a decree should go against the defendant, Anderson, his rights or equities against all the other parties could be adjusted also in the same suit, and thereby a multiplicity of suits be avoided. Equity delights in effecting complete justice with the smallest amount of litigation or expense, but equity does not require the victim of a fraudulent conspiracy to subject himself to the expense, delay and embarrassment of bringing into court all the fraud-doers; it does not compel him to such inconvenience that they may be accommodated. Besides, if they all were in court and the decree should be against them on the allegations of this bill, the court would stop there; it would not undertake to help the fraud-doers or co-conspirators as against each other; it would not undertake to say which had most of the plunder.

In my opinion, the rule of pleading referred to does not cover this case, and has no analogy to it whatever. And I think no principle is better settled, both upon reason and authority. I quote from the opinion of Lord Cottenham in *Attorney-General v. Wilson, 1 Cr. & Ph. 1, 28:* "It was then urged that if that be so, all the governing body, at least all who took any part in these transactions, ought to be co-defendants. Upon this point, also, Lord Hardwicke's authority in the charitable corporation case is of the highest value. It was urged that, as the injury had arisen from the misconduct of many, each ought to be answerable for so much only as his particular misconduct had occasioned; but

Lord Hardwicke said, 'If this doctrine should prevail it is indeed laying the ax to the root of the tree.   But if, upon inquiry, there should appear to be a supreme negligence in all of them, by which a gross complicated loss happens, I will never determine that they are not all guilty, nor will I ever determine that a court of equity cannot lay hold of every breach of trust, let the person guilty of it be either in a private or public capacity.' In cases of this kind, where the liability arises from the wrongful act of the parties, each is liable for all the consequences, and there is no contribution between them, and each case is distinct, depending upon the evidence against each party.   It is therefore not necessary to make all persons parties who may have, more or less, joined in the act complained of, nor would any one derive any advantage from their being all made defendants, because, as the decree would be general against all found to be guilty of the charges, it might be executed against any of them."   See, also, *Seddon* v. *Connell*, 10 Sim. 79–86 ; *Stainback* v. *Fernley*, 9 Sim. 556 ; *More* v. *Rand*, 60 N. Y. 208 ; *Wilson* v. *Moore*, 1 Mylne & K. 126–143.   But our own courts have been as clear and emphatic.   *Van Houten* v. *First Reformed Church*, 2 C. E. Gr. 126 ; *Citizens Building Association* v. *Coriell*, 7 Stew. Eq. 383 ; see, also, *Thompson on Liability of Agents of Corp.* 353.

It is urged that the case presented by the bill, if meritorious at all, exhibits only a legal and not an equitable liability.   Since in very many cases jurisdiction is concurrent, and especially so in all allegations of fraud, and since the complainant has selected this forum, I think the bill should be retained.   See *Pom. Eq.* ¶¶ 119, 140, 174, 186 ; *Citizens Loan Association* v. *Lyon*, 2 Stew. Eq. 110.

The demurrer should be overruled, with costs, and I will so advise.