## CORNING v. ROOSEVELT.

*(Supreme Court, Special Term, New York County. July 2, 1890.)*

**1. PLEADING—EFFECT OF DEMURRER—FIRST FAULT.**
  On a demurrer by defendant to plaintiff's reply to a counter-claim, the court will inspect the whole record, and give judgment for defendant, where it appears that the complaint is insufficient, though the reply is sufficient, and the counter-claim is not.

**2. SPECIFIC PERFORMANCE—PLEADING.**
  In an action by the assignee of a contract for the sale of stock against the purchaser for specific performance, the complaint alleged that plaintiff's assignor was ready and willing to deliver the stock on payment by defendant to plaintiff of the sum due. The stock which was the subject of the action had not been assigned to plaintiff, and was not in his possession. *Held,* that the complaint was insufficient.

Action by Frederick G. Corning against Samuel L. Roosevelt. Defendant demurs to plaintiff's reply. For former report, see 10 N. Y. Supp. 937.

*D. J. M. O'Callaghan,* for plaintiff.    *Davison & Chapman,* for defendant.

O'BRIEN, J.   The defendant has demurred to the reply interposed by the plaintiff to the counter-claim on the ground that it appears upon the face thereof to be insufficient in law.   In determining this question, it is insisted that all the pleadings should be considered and judgment given against the party who has committed the first error.   In the case of *Williams* v. *Williams, ante,* 753, recently decided by this court, it was held that upon a demurrer to a defense,

which would otherwise have been sustained, it should be overruled, and judgment given in favor of the defendant, for the reason that it appeared that the complaint was insufficient in not stating facts sufficient to constitute a cause of action. One good reason, among others, for this rule that might be assigned is that, however defective and insufficient the defense may be, it is, of course, a sufficient defense to an insufficient complaint. *Graham* v. *Dunnigan*, 6 Duer, 629, was a case of a demurrer to a counter-claim, and the court, having viewed the complaint as sufficient, expressly declined to pass upon the question as to whether a complaint could be attacked for insufficiency on a demurrer to the counter-claim. The other cases referred to and commented upon in *Williams* v. *Williams, supra*, holding that the sufficiency of a prior pleading could be inquired into, were all cases of demurrers to defenses. It will thus be seen that the precise question here presented has not been directly passed upon; and while a counter-claim is to be regarded as a new and original cause of action in defendant's favor against the plaintiff, as to which the burden of proof is on the defendant, and which, if insufficient, is to be dismissed, yet it is a pleading in the action resorted to to offset plaintiff's demand in whole or in part, and at times is of such a nature as to entitle the defendant, in addition to securing the satisfaction of plaintiff's claim against him, to an affirmative judgment in his favor. All the pleadings, from the complaint to the demurrer and the reply, are, when used as in this case, but pleadings in a single action, and I am inclined to the view that the true rule is as has been stated in *Gleason* v. *Youmans*, 9 Abb. N. C. 108, that the demurrer runs through all the preceding pleadings, and judgment is to be given against the first party whose pleading is defective in substance. Applying this rule, therefore, and assuming that the demurrer to the reply raises a question as to the sufficiency of all the preceding pleadings, it remains to be determined not only whether the reply itself is sufficient on its face, but whether the counter-claim is good, and as to whether the complaint itself is defective in substance. The demurrer to the reply I do not regard as well taken, for the reason that it contains a sufficient denial of the averments constituting the counter-claim. As to the counter-claim itself, it is defective, in that there is no demand for any judgment thereon in defendant's favor as against the plaintiff. In addition, there are other defects which it is needless to point out in view of the conclusion at which I have arrived, that the complaint itself is insufficient.

The plaintiff brings the action as assignee of a right of action which arose upon contract in favor of his assignor, for the purchase and sale of certain bonds and stock. Upon a breach of the contract sued upon, the plaintiff's assignor, or plaintiff himself, as assignee of the cause of action, could have sued, either claiming damages for the breach or brought an action in effect for the specific performance thereof. This latter is the remedy here sought, and is the theory upon which the plaintiff's complaint has been framed. The defendant agreed to pay the sum of $1,700 in four installments of $425 each. for which he was to receive from plaintiff's assignor, the Julian Electric Traction Company, two certain first mortgage bonds, of the par value of $1,000 each, and 20 shares of stock. One of the bonds and half of the stock were to be delivered when one-half of the amount, or two of the installments, were paid, as provided. When two installments were paid, one of the bonds and half of the stock were delivered to defendants. In addition, defendant paid the third installment, and then refused to pay the fourth, and it is to recover this fourth installment that this action is brought. It seems reasonably clear that, upon the payment of this installment, which would fully complete the contract on defendant's part, the latter would be entitled to an additional bond and stock, as in the agreement provided. Unless upon the trial, plaintiff could show that he was ready and willing to perform the contract, and that he was able to deliver the bond and stock, I do not see how he would be

able to force the defendant to specifically perform his part of the contract by paying the last installment. To obviate this objection, however, the complaint alleges, not that plaintiff, but that plaintiff's assignor, the traction company, is ready and willing to transfer to the defendant the other 10 shares, upon payment by the defendant to the plaintiff, to whom the company has assigned its claim herein, the amount which is still due. Thus it will be seen that the plaintiff, who is neither the owner nor holder of the bond or stock which defendant contracted to purchase, brings a suit to compel the defendant to specifically perform his contract by paying the amount still due, without being in a position himself to complete the contract, upon defendant's so paying such amount. It would appear, therefore, that but part of the cause of action has been assigned, and that the traction company should have been joined as a party, so that, upon payment by the defendant, the obligations which would then rest upon the company could be fulfilled, or, in addition to assigning to plaintiff the right to demand the amount due from defendant, they should have assigned as a part of the cause of action the stock necessary to be delivered to defendant upon payment by him. For the reason, therefore, that I regard the complaint as insufficient, there should be judgment upon the demurrer in defendant's favor, and with leave to serve an amended complaint, upon payment of costs.