## BOYLE *et al. v.* WILLIAMS.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. APPEAL FROM JUDGMENT—QUESTIONS REVIEWABLE.

Where a verdict is directed for one party, and a motion for new trial is denied, and an appeal taken only from the judgment, the appellate court should consider only the exceptions taken to the rulings on the trial.

2. CONVERSION—DIRECTION OF VERDICT.

In an action for conversion, where the defense is merely a general denial, proof of a bill of sale of the property in question to plaintiff, and that defendant thereafter took possession of and sold the property and retained the proceeds, justifies the direction of a verdict for plaintiff.

3. SAME—GENERAL DENIAL—EVIDENCE.

Under a general denial, defendant cannot show that the promise supporting the bill of sale was unfulfilled, or that the bill of sale was an unlawful preference under Laws 1887, c. 503, relating to general assignments for the benefit of creditors.

4. SAME—CONCLUSION OF WITNESS.

A question to defendant, in an action for conversion, testifying as witness, whether he took possession of the property as assignee, is objectionable as calling for a conclusion.

Appeal from special term.

Action by John Boyle and others against Joseph M. Williams to recover the value of personal property alleged to have been converted by defendant. Defendant appeals from a judgment in favor of plaintiffs, entered upon a verdict directed by the court. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Arthur H. Ely,* for appellant. *De Witt C. Morrell,* for respondents.

BISCHOFF, J. The appeal is from the judgment, and not from an order entered on defendant's motion for a new trial, and we are therefore to consider only the exceptions taken on behalf of the appellant to the rulings on the trial. *Peil* v. *Reinhart,* 127 N. Y. 381, 27 N. E. Rep. 1077. The plaintiffs sought to recover the value of certain chattels alleged to have been converted by the defendant, and the complaint contained all appropriate allegations essential to such an action. The answer, besides the defense that defendant had possession of the chattels by virtue of certain liens, of which no evidence was sought to be given, and which was abandoned on the trial, was a general denial. On the trial, plaintiffs introduced in evidence a bill of sale to them, made by one John Sanderson, which contained an absolute transfer of "all goods on storage" at the time belonging to him; and from a stipulation made for the purposes of the trial, and the testimony of plaintiff's witnesses, it appeared without contradiction that the goods alleged to have been converted by the defendant were part of the "goods on storage," and worth the amount for which judgment was directed; that, subsequent to the bill of sale, defendant took possession of the goods; that he refused to deliver them after due demand before the commencement of the action; that he sold them, and received and retained the proceeds of such sale. Surely these facts authorized the verdict directed, and the motions for dismissal of the complaint, made when plaintiff rested, and again upon the close of the evidence for both sides, were properly denied. The efforts of defendant's counsel on the trial were exclusively directed to an attempt to show that the bill of sale was made to the plaintiffs in consideration of their promise to pay certain debts of John Sanderson, in which respect they had failed, and that the bill of sale was an unlawful preference under chapter 503, Laws 1887, relating to general assignments for the benefit of creditors. But, as neither of these defenses attempted on the trial was within the issues created by the pleadings, the learned trial judge's exclusion of evidence relating to them, and his refusal to dismiss the complaint upon the ground that these defenses appeared in evidence, cannot constitute error.

One other exception remains to be noticed. Defendant, examined as a witness for the plaintiff, was asked on cross-examination, "Did you take possession of these goods as assignee?" to which plaintiff's counsel objected on the ground that the question called for a conclusion. The objection was sustained, and we think that no argument is required to establish its validity. Whether defendant took possession of the goods alleged to have been converted by him in his individual or representative capacity was clearly a fact deducible only from the circumstances attending his taking of possession, and so a conclusion. Judgment affirmed, with costs. All concur.