(21 Misc. Rep. 639.)

DOONER v. HAWS et al.

CURRY v. SAME.

(Supreme Court, Appellate Term. November 24, 1897.)

PARTNERSHIP—LIABILITY FOR CONTRACT OF INDIVIDUAL MEMBER.

H. and C. entered into an agreement under which the former was to furnish the use of certain parcels of land on Riverside Drive, and C. was to erect, and subsequently remove, reviewing stands thereon for renting at the dedication of the Grant Tomb, and to furnish all materials and labor, and the necessary guards, watchmen, ushers, policemen, etc. It was further agreed that H. was not to be liable for any expenses or costs, nor for any deficiency, and that the gross receipts were to be employed first to pay all the expenses, the net balance to be equally divided between the parties. Certain mechanics thereafter employed in this work by C. assigned their claims to plaintiffs, who brought these actions against both H. and C., on

the theory that their agreement rendered them co-partners. *Held* that, even assuming a co-partnership, H. was not liable, for the expense was incurred by C. merely in providing what he was to contribute as his share.

Appeal from district court.

Actions by John A. Dooner and John J. Curry against Walter D. Haws and another. From judgment in each of the actions in favor of plaintiff, defendant Haws appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Vernon M. Davis, for appellant.

Sidney J. Cowen, for respondents.

DALY, P. J. The plaintiffs in these actions are the assignees of the claims of certain mechanics who performed work in erecting reviewing stands on Riverside Drive, near Eighty-Third street, in the month of April, 1897, in preparation for the public ceremonies and procession upon the occasion of the dedication of the Tomb of General Grant. The mechanics were employed by one Chatterton, and this action was brought against him and the defendant Haws upon a claim that the work was done for them as co-partners. There was no claim that the work was done upon the faith of any apparent co-partnership, as there was concededly no holding out by Haws of Chatterton as his agent or partner, but solely upon the claim of actual co-partnership growing out of the following written agreement between the parties:

"Agreement made this 12th day of April, 1897, between Walter D. Haws, party of the first part, and Walter S. Chatterton, party of the second part, in manner following: The party of the first part agrees to give the use of the two parcels of land situated upon Riverside Drive, in the city of New York, as shown in the annexed diagram, for the purpose of erecting stands for renting to view the parade on the occasion of the dedication of the Grant Tomb, on the 27th day of April, 1897; and the party of the second part agrees to furnish all materials and labor for the erection of said stands, and to obtain the proper legal permit and authority from the building department to build the same; also, to provide and obtain all necessary guards, watchmen, ushers, policemen, &c., that may be required for the proper protection and renting of these stands. The conditions of the agreement are that the party of the first part is to give and allow the use of the land in the two parcels for the purposes above mentioned free of any charge or rent for the same; and the party of the second part is to give his personal attention, time, and labor in the preparation of the plans, specifications, and details, &c., free of charge and expense. The party of the first part not to be liable for any expense or cost for erecting said stands, or for any deficiency, if the sum received for the renting or privilege connected therewith be not sufficient to pay for the same. Upon ascertaining the gross sum received from the renting of said stands, it is to be distributed as follows: First, all bills for lumber, materials, and labor for the erection of the stands are to be paid; second, all expenses for ushers, watchmen, policemen, attendance, &c., and commissions for selling seats, are to be paid; third, all other incidental expenses that may be incurred, such as advertising, printing, circulars, signs, mapping, &c., are to be paid; fourth, the balance or net receipts to be divided equally between the parties hereto, each to receive one-half. It is agreed that the party of the first part is to act as cashier and treasurer, and to receive and disburse all moneys collected. It is agreed and understood that all bills for materials, labor, printing, advertising, &c., shall be at the cost price of same; it being the intention of both parties hereto that the party of the first part is to give the use of the land in consideration of the party of the second part giving his experience and knowledge for the construction of the stands, each without compensation or profit, ex-

cept as specified above. Each of the parties hereto to act in perfect good faith, and to give all his personal attention and efforts to insure a successful and profitable result. It is agreed that the party of the second part is to take down stands and remove all lumber from the property within a reasonable time after the parade, in consideration of which he is to become the owner of said lumber. It is further agreed to meet at the office of William E. Haws & Son, 97 Cedar street, N. Y. City, on the 28th of April, 1897, to settle all bills and accounts.

"[Signed]                                      Walter D. Haws.
                                               "Walter S. Chatterton.

    "Witness:  W. J. Katte."

It will not be necessary to discuss the question whether the foregoing agreement created a partnership between the defendants, since, on the case presented, these plaintiffs cannot enforce any liability against the appellant, Haws, even though he became by that instrument a co-partner of Chatterton; his exemption from liability for the indebtedness incurred by Chatterton in erecting the stand being based upon the familiar principle that one partner is not liable for the expense incurred by another in acquiring or providing the property or thing which the latter is to contribute as his share to the co-partnership. By the agreement between them, Haws is to give the use of his land, and Chatterton is to furnish all materials and labor for the erection of the stand; Haws not to be liable for any expenses or cost therefor. Although the stand may become the common property of the co-partnership, when erected, and such erection is for the joint benefit of the co-partners, yet, under the agreement, Chatterton was to be solely responsible for the cost of them; and the agreement fixes the extent of the obligation of the defendant Haws, who had not in any way conferred any apparent authority upon Chatterton different from that conferred by the agreement. Even if the agreement did not specifically exempt Haws from liability for Chatterton's acts in furnishing the stand, the law would relieve him. "If several persons agree to become partners, and to contribute each a certain quantity of money or goods for the joint benefit of all, each one is solely responsible to those who may have supplied him with money or goods agreed to be contributed by him." Lindl. Partn. 203. "That the firm receives the benefit accruing from the contract entered into by one of its members is not, alone, sufficient to render it liable upon the contract, if it was not in fact made by the firm's agent, * * * as in case of borrowing money or procuring goods to contribute as one's agreed share of the capital stock." 17 Am. & Eng. Enc. Law, 1075–1076, and cases cited. It might be urged that inasmuch as the stands were erected by Chatterton after the relation between him and Haws had been constituted by the agreement, and the plaintiffs' assignors were hired to erect the stands in pursuance of the agreement for the joint venture, and for the purpose of qualifying Chatterton to become a partner, all of which Haws knew, the latter, in a sense, authorized the incurring of the expense, and thus constituted Chatterton his agent for the purpose. But this might be urged in any case where, by a co-partnership agreement, the respective partners agreed to contribute money and goods which they did not then possess, but which were to be afterwards procured

on their respective credits. The cases make no such distinction, and the reason is obvious: The goods and money which each partner is to contribute and to obtain on his own credit belong to him, and he is at liberty to use them for any other purpose than the contemplated co-partnership, and so he has no authority to bind the co-partnership by the act of acquiring what does not by such act become firm property. The case is, of course, to be distinguished from that of a co-partner, not known to be such, who procures goods, not as his individual contribution to the venture, but for the concern, and on his individual credit; for the creditor's property, in such a case, passes directly into the possession, not of the individual to whom the credit is given, but of the co-partnership of which he is a member, and the co-partnership is liable. The fact that the contribution of Chatterton was not to be made and completed before the co-partnership efforts were to begin, but were to be continued throughout,—for he was to provide guards, watchmen, ushers, etc., as might be required for the proper protection and running of the stands,—does not, under the authorities, make the co-partnership liable. In the case of a joint venture of a publisher, an editor, and a printer of a book, all of whom were to share in the profits, the printer to supply the paper for the work, it was held that the others were not liable for the paper supplied. Wilson v. Whitehead, 10 Mees. & W. 503. The case was likened to that of coach proprietors who agree each to horse a coach for one or more stages, and to bring into the concern the work and labor of his horses, in which none of the others had an interest, but all sharing in the profits; it being held that each was liable alone for the feed of his own horses. Barton v. Hanson, 2 Taunt. 49. Upon the facts in this case, therefore, it appears that the work and labor done by the plaintiffs' assignors upon the stands in question were done upon employment of the defendant Chatterton in pursuance of his agreement to contribute that expense as his share of the joint venture, and not as the agent of the co-partnership. As in the case of Wilson v. Whitehead, above, the question is, did the co-defendant authorize him to employ the mechanics on joint account, or did he employ them on his own account? And the agreement between the defendants shows that the latter was the case.

The judgments should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.