(28 App. Div. 535.)

### BROWN et al. v. DENNISON.

(Supreme Court, Appellate Division, Second Department.    April 26, 1898.)

1 RESCISSION OF CONTRACT—BREACH OF AGREEMENT.

Certain co-partnership articles gave an option to defendant, one of the partners, to purchase the interests of plaintiffs, the other partners, at the expiration of the term, upon paying therefor, within 60 days, an amount to be arrived at according to an agreed method of computation, the plaintiffs, upon such payment, to give him a bill of sale of their interests. He elected to exercise the option, and took possession of the assets and business, but, instead of paying in cash the amount called for, he assumed to effect payment by setting off an alleged claim for damages. *Held,* in an action to rescind the agreement, and for an accounting and receivership, that under the agreement a payment in cash was requisite to give defendant a right of possession, and that accordingly plaintiffs were entitled to rescind.

2. PARTNERSHIP ACCOUNTING—COUNTERCLAIM.

In an action by one partner against another to rescind an agreement as to purchase of the business, and for an accounting and distribution of assets, the defendant is entitled to set up a counterclaim for plaintiff's violation of duty as a partner, in diverting patronage, and thus diminish the claim of the latter upon the fund to be distributed.

Appeal from special term, Kings county.

Action by Hersey Brown and Charles A. Lent against Charles M. Dennison. From an interlocutory judgment (49 N. Y. Supp. 420) in favor of plaintiffs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alfred B. Cruikshank (Henry G. Atwater, on brief), for appellant.

Esek Cowen (J. Orlando Harrisson, on brief), for respondents.

CULLEN, J. The plaintiffs and defendant were partners. The partnership was terminated on the 31st day of January, 1897; and the partnership articles made the following provisions for the settlement and winding up of the co-partnership at that time:

"Eleventh. On the expiration of said co-partnership, the said party of the first part [the defendant], his heirs or representatives, shall have the option or privilege of purchasing the interests of the parties of the second and third parts, their heirs and representatives, in said co-partnership, if he or they shall so elect, on the following terms and conditions, viz.: The party of the first part, his heirs or representatives, shall pay to the party of the second part, his heirs or representatives, the sum or amount which shall be shown by the books of the firm, when properly balanced (as specified in article fourth of this agreement), to be due to the party of the second part [plaintiff Brown], his heirs or representatives, as his share of the assets of said firm, and in addition thereto the sum of twelve hundred dollars for his good will in the said business; and shall pay to the party of the third part, his heirs or representatives, the sum or amount which shall be shown by the books of the firm, when properly balanced (as specified in article fourth of this agreement), to be due to the said party of the third part [plaintiff Lent], his heirs or representatives, as his share of the assets of said firm, and in addition thereto the sum of one dollar for his good will in the said business; and on the receipt of the moneys above specified, or a tender thereof, the said parties of the second and third parts, their heirs or representatives, shall give to the said party of the first part, his heirs or representatives, a bill of sale of their entire respective interests and good will in the partnership and business hereby formed. The party of the first part, his heirs or representatives, shall notify the parties of the second and third parts, their heirs or representatives, ten days before the termination of said co-partnership, if it is his or his heirs' intention to take advantage of the option or privilege herein provided for. Twelfth. At the close of this co-partnership the party of the first part, if he shall then be living, shall take immediate possession of all the books, cash, papers, contracts, stocks, machinery, fixtures, and all other assets or property, of any description whatsoever, of the firm or co-partnership hereby formed, and shall wind up the business and settle the affairs of the said co-partnership, as provided for in articles thirteenth and fourteenth of this agreement. Thirteenth. If the said parties of the first part, his heirs or representatives, should decide to avail themselves of the option or privilege provided for in article eleventh, he shall pay to the parties of the second and third parts, their heirs or representatives, the amount which shall be due them as provided for in article eleventh, within sixty days after taking possession of said property."

The terms of the fourteenth article, which provides for the case of the defendant's not purchasing the rights of the co-partners, it is unnecessary to recite. The complaint alleged that on the dissolution of the partnership a balance sheet was prepared by the defendant and accepted by the plaintiffs, by which it appeared that the amount due the plaintiff Brown was the sum of $13,554.02, while the plaintiff Lent was indebted to the firm in the sum of $821.11, which last sum Brown consented should be charged against the amount due to him; that the defendant notified the plaintiffs that he elected to purchase their interest in the firm under the provisions of the articles of co-partnership; that more than 60 days had expired since the defendant took possession of the assets and property of the co-partnership; that the defendant had refused and failed to pay the sum due to the plaintiff Brown,

or any sum whatever, though the plaintiffs had tendered the defendant a bill of sale of their entire interest and good will in the partnership, and demanded payment of the sum payable to them; that the defendant had appropriated all of the property of the partnership, and was proceeding to dispose of it for his personal benefit. Judgment was demanded that the agreement for the purchase by defendant of plaintiffs' interest be rescinded, and the defendant declared to have forfeited his rights thereunder; that an accounting be had of the co-partnership transactions; and that a receiver of its assets and property be appointed. The defendant answered, substantially admitting all the allegations of fact in the complaint, and setting up a counterclaim for damages in the sum of $20,000 against the plaintiffs for alleged violation of their duty as partners, and covenant in the articles of co-partnership, in diverting the patronage of the customers of the firm to a new firm to be composed of the plaintiffs. The defendant demanded judgment for the dismissal of the complaint, and for the recovery of $6,000, being the excess of his claim for damages above the amount payable to Brown. The plaintiffs replied, denying the allegations of defendant's counterclaim. When the cause came on for trial the plaintiffs moved for judgment on the pleadings, which motion was granted, and an interlocutory judgment entered, from which this appeal is taken.

The articles of co-partnership did not contemplate that the defendant was to be given credit on his purchase of the interests of his co-partners. The general rule is that, where the contract is silent on the subject, the purchaser of personal property is entitled to a delivery only upon payment. 2 Kent, Comm. 492; Benj. Sales, § 703. This is clear in this case from the fact that, on the payment or tender by defendant of the money due the plaintiffs, the plaintiffs were to give a bill of sale of their interests and good will in the business. It is true that in this state the title to property passes to the vendee "on a mere contract for the sale of goods, where the subject is identified, and nothing remains to be done by the seller before making delivery, * * * although the price has not been paid, nor the goods sold delivered to the purchaser." Van Brocklen v. Smeallie, 140 N. Y. 70, 35 N. E. 415. But, "though the vendee acquires a right of property by the contract of sale, he does not acquire a right of possession of the goods until he pays or tenders the price." 2 Kent, Comm. 493. The case of Van Brocklen v. Smeallie is quite similar to the one before us. The plaintiff had made an agreement for the sale of his interest in a co-partnership to the defendant. The contract was dated February 21, 1891. The instruments of sale were to be delivered and the price paid on the 1st of March. It was held that the title passed to the vendee on the execution of the contract of sale, but it was also held that the plaintiff had the right, upon defendant's default in complying with the terms of purchase, to sell on his account the interest in the partnership to other parties and charge the defendant with the difference. Of course, had the sale been on credit, and not only the property, but the right of possession, passed to the vendee, the plaintiff's sole remedy would have been an action for the purchase price. The appellant's counsel relies on the case cited as decisive in his favor

of the one before us.  We think he fails to distinguish the difference between the title of a vendee to property sold and the vendee's right to possession.  It is settled in this state by repeated adjudications that, on the failure of a vendee to comply with his agreement and make payment, the vendor may rescind the contract, or keep the property as his own, and recover the difference between the contract price and the market price at the time and place of delivery.  Dustan v. McAndrew, 44 N. Y. 72; Hayden v. Demets, 53 N. Y. 426; Van Brocklen v. Smeallie, supra.  The right of the plaintiffs to rescind the sale, and to forfeit the interest of the defendant under his option of purchase, for his default, is clear, unless it is possible that a party to a contract may comply with an obligation for the payment of money by tendering satisfaction of a debt or claim, conceded or in dispute, real or fictitious, which he has against the other party to the contract.  As to this, all we can say is that we know of no authority for such a proposition.  The right to counterclaim (i. e. to set off a claim arising from an independent transaction) did not exist at common law.  It is the creature of statute.  Pom. Eq. Jur. §§ 113, 175.  "The right of set-off does not attach to the debt itself, nor depend upon the mutuality of the debts in their origin as an inherent quality belonging to such debts, but upon the situation and rights of the parties between whom it is sought to be enforced.  It is a privilege or right attaching to the remedy only, and which, by the laws of some of the states, may be allowed, while in others it is denied."  Tappan v. Darling, 3 Mason, 101, Fed. Cas. No. 13,746; Wolcott v. Sullivan, 1 Edw. Ch. 398.  In other words, if I may use the expression, debts do not set themselves off against each other, or one operate, in whole or part, as the payment of another.  They are set off one against the other only when an action in equity is brought for that purpose, or when, a suit having been brought on one debt, another debt is set up as a counterclaim or set-off.  2 Camp. 594.  The notion that a man who has agreed to sell goods for cash may be required to deliver up his property for anything else than money would seem not to require serious discussion, but we may refer to the case of Ely v. Spiero (decided by us at this term) 51 N. Y. Supp. 124.  The decision of the special term as to the interest of the plaintiffs in the co-partnership assets, and their right to an accounting and recceivership, was therefore correct.

But though the claim of the defendant against the plaintiffs for their alleged violation of the partnership agreement did not constitute a payment to the plaintiffs, under the provisions of the partnership article authorizing a purchase of their interest by the defendant, the question still remains whether it was a proper counterclaim in this action.  On this question the case of More v. Rand, 60 N. Y. 208, seems decisive.  That action was for the dissolution of a partnership, the distribution of its assets, and an accounting between the partners. The defendants set up a counterclaim for the fraud of the plaintiff, whereby they had been induced to purchase the interest of one More in the business, and thus become partners with the plaintiff.  The trial court excluded proof of this counterclaim.  This was deemed error, and it was held that the defendants were entitled to prove their damages arising from the plaintiff's fraud, and thus diminish the claim

of the latter upon the fund to be distributed. I see no distinction between that case and the present one.

It follows that, while the judgment was right as far as it went, it has failed to dispose of a proper issue in the action, that arising from the defendant's counterclaim. By its silence on the subject the judgment excludes the defendant from all relief on that claim. I doubt whether, against the defendant's objection, this claim could be reserved for determination by the referee. However that may be, it was not so reserved.

The interlocutory judgment appealed from should be reversed, and a new trial granted, costs to abide the event. All concur.