(25 Misc. Rep. 226.)

REEVES v. BUSHBY et al.

(Supreme Court, Special Term, New York County. November, 1898.)

1. DEMURRER TO ANSWER—SUFFICIENCY OF COMPLAINT.
    Where an answer and counterclaim set up by defendant are demurred to, he may, in resisting the demurrer, attack the complaint for insufficiency, unless the allegations of the complaint attacked are expressly admitted in some part of the answer not demurred to.

2. PARTNERSHIP ACCOUNTING—COMPLAINT.
    A complaint in an action for an accounting and the winding up of an alleged partnership averred that the profits of the business were to be divided, the share of each to be in full for services; that a certain person (not a party to the agreement), at the request of plaintiff and defendants, advanced money to defray the expenses of the business, and was then a creditor of the parties, to those amounts. Held, that the averment was sufficient to show that losses were to be shared by the parties, and, therefore, showed a partnership.

3. SAME—ANSWER.
    Plaintiff having brought an action for the winding up of an alleged co-partnership with defendants, the answer of one of defendants set up that plaintiff was liable to defendant for a share of his losses, and prayed a dissolution, and for an accounting and an adjustment of the several interests of the parties. Held, that the answer conceded plaintiff's right to equitable relief, and the existence of the partnership.

4. COUNTERCLAIM—PLEADING.
    A counterclaim is not properly pleaded, unless there is a demand for affirmative judgment.

5. SAME.
    In an action for an accounting between partners, demands for services, and for a share of the expenses or outlays by defendant, and for breaches of contract by plaintiff, in omitting or obstructing the performance of duties under the contract, are not pleadable as a counterclaim, since such demands are the subject of this accounting.

Action by William F. Reeves against James C. Bushby and others. Demurrer to counterclaim sustained.

Edward C. James and Abram I. Elkus (James, Schell, Elkus & McGuire, of counsel), for plaintiff.

L. M. Berkeley and James C. Bushby, for defendants.

DALY, J. This action is brought for the winding up of a co-partnership alleged to subsist between the plaintiff and four of the defendants, which was formed for the prosecution of claims for damages to properties abutting on Park avenue, on the line of the new railroad viaducts. Three of the defendants are attorneys at law. The plaintiff is a civil engineer. One defendant agreed to furnish the services of a real-estate expert, and the remaining defendant is alleged to be a creditor for money advanced for the joint enterprise to the parties interested. The plaintiff was to do all necessary work as civil engineer, and procure evidence for the trial of actions, and, with each of

the other parties to the original contract, was to receive one-fourth
of the receipts, after deducting all expenses except that of the real-
estate expert.   The plaintiff alleges that the attorneys have refused
to accept his work, and have ignored his rights, claiming that he has
broken his contract; that they are incurring large expenses without
his approval; and that he has done a large amount of work, and been
put to great expense, and performed labor and services worth $5,000,
—and prays for an injunction, receiver, and accounting.   The answer
of the defendant Bushby, one of the attorneys, sets up, besides other
matters, six counterclaims, to which the plaintiff now demurs on the
ground, as to each, that it does not state facts sufficient to constitute
a cause of action.   The counterclaims are for one-fourth of the losses
alleged to have been the result of the business, for violations by plain-
tiff of his agreement, for work done under the agreement by the de-
fendant, and for advances of money made by defendant for the business
at the request of plaintiff and the other parties in interest.   The de-
fendant, in resisting the demurrer, attacks the complaint for insuf-
ficiency. This he may do (Corning v. Roosevelt, 18 Civ. Proc. R. 399, 11
N. Y. Supp. 758; Boyle v. Williams, 1 Misc. Rep. 112, 20 N. Y. Supp.
727), except where the allegations of the complaint attacked as in-
sufficient are expressly admitted in some part of the answer not de-
murred to (Village of Little Falls v. Cobb, 80 Hun, 20, 29 N. Y. Supp.
855; Morey v. Ford, 32 Hun, 446).   The defendants' objection to the
complaint is that the facts alleged give no right to equitable relief;
that the contract set out does not constitute the parties to it co-part-
ners as between themselves, nor participants in a joint venture, nor lia-
ble for losses; but that it is merely an agreement for services, the
compensation for which is to be measured by a share of the profits,—
citing the contract, which says that each party is to receive 25 per
cent. of the net receipts, after deducting "the actual disbursements and
necessary expenses, including the expense of procuring evidence for the
trial of said actions, but not including any expense for a real-estate
expert," which 25 per centum "to each person shall be in full payment
of all services rendered."   This last expression does not determine the
character of the relation, which is to be gathered from the whole in-
strument, and from the practical construction placed upon it by the
parties themselves.   While we find them agreeing that all are to be
reimbursed out of the receipts for outlays (except in the case of the
party who was to furnish the real-estate expert, his outlay being re-
garded as his contribution to the common cause), the contract is not
specific as to whether, if there were no receipts, or insufficient receipts,
the "actual disbursements and necessary expenses, including the ex-
pense of procuring evidence," should be shared equally by all, or wheth-
er, in such a contingency, each party's outlay was to be his contribu-
tion to the joint undertaking.   See Dooner v. Haws, 21 Misc. Rep.
639, 47 N. Y. Supp. 1112.   The specific provision as to the outlay for
a real-estate expert has some significance on the point, but the parties
have by their acts placed a practical construction upon the instrument
which determines the question; for it is alleged that the defendant
John Davis (not a party to the agreement), at the request of the plain-
tiff and the other defendants, advanced sums of money amounting to

$1,400 to defray the expenses of the business, and is now a creditor of the parties to that amount. This constitutes all the parties sharers in the expenses and the losses consequent thereon, in case the receipts proved insufficient to meet the expenses. It is proper, also, in construing the contract under the objections of the defendant, to look at his own pleading, where we find among his defenses that he claims that plaintiff is liable to him for a share of his losses, and prays for a dissolution of the undertaking and for an accounting, and an adjustment and liquidation of the several interests of the parties.

It would seem, therefore, to be conceded by defendants that plaintiff is entitled to the equitable relief prayed for in the complaint. This requires an examination of the alleged counterclaims. Those which claim for a share of the expenses or outlays of the defendant in the business allege matter not pleadable as a counterclaim or legal demand by one party in interest against the other, since such demands are the subject of the accounting to be had. As to the other alleged counterclaims for breaches of contract in omitting or obstructing the performance of duties under the contract, they might, if supported by proper averments and demand of relief, be sustained under the authority of Brown v. Dennison, 28 App. Div. 535, 51 N. Y. Supp. 300. But they are not the subject of trial, under section 974 of the Code, for want of a demand for affirmative judgment; and they fail to set forth any damage sustained, or to claim any damages. See Abb. Brief Pl. § 211. With respect to the authority above cited for a counterclaim of this character in a partnership accounting, which counterclaim is based upon an alleged omission of duty on the part of the plaintiff, the following considerations present themselves: Neglect of duty by a co-partner gives to the other partners in interest a right to terminate the co-partnership. If they do not choose to avail themselves of this right, and continue to carry on the concern with the delinquent, it would seem that they have no claim against him for damages, unless they are put to some expense to make up for his omissions. Such expense, however, would be in no sense the subject of a counterclaim, because, like all other disbursements on behalf of the co-partnership, it would be allowed upon the accounting; and so, if any loss to the partnership has occurred by a co-partner's neglect, if it can be measured in dollars and cents, that also may be charged against him on the accounting. If, therefore, this defendant had alleged facts sufficient to charge the plaintiff with damage or loss, still there would have been no counterclaim, in the proper sense of the word pleaded in the answer. The case of Brown v. Dennison, above-cited, was decided on the authority of More v. Rand, 60 N. Y. 208, holding that a counterclaim for damages for fraud in inducing the defendant to enter into the co-partnership was pleadable against the plaintiff in his action for an accounting. But this, of course, was because such a claim could not be made the subject of a charge against the plaintiff upon the accounting, and is very different from the so-called counterclaims in Brown v. Dennison and in this case.

Demurrer sustained, and judgment ordered thereon for plaintiff, with costs, with leave to defendants to amend on payment of costs. Ordered accordingly.