R. TELFAIR SMITH, Appellant, v. M. FRANCIS SNOWBER, Respondent.

First Department, December 16, 1921.

Partnership — action for dissolution and accounting — counterclaim for money misappropriated by plaintiff unnecessary on copartnership accounting — order granting leave to interpose reply should not be vacated, though counterclaim is improper — demurrer to counterclaim proper.

In an action for the dissolution of a copartnership and for an accounting, the defendant set up a counterclaim for funds alleged to have been misappropriated by the plaintiff, to which the plaintiff during the course of the trial was granted leave to interpose a reply. It appears that he subsequently moved to vacate the order on the ground that a reply was unnecessary because the counterclaim was improper and unauthorized by law, since on a copartnership accounting all copartners are accountable to the copartnership for moneys received by them.

Held, that while the counterclaim was unnecessary and without it the defendant ·could have required the plaintiff to account for the moneys received by him for which he was accountable to the copartnership, still where a party fails to demur or reply to facts pleaded as a counterclaim, the facts stand admitted and he is not at liberty to ignore the counterclaim and to controvert on the trial the facts therein alleged. And so the plaintiff was not entitled to have vacated the order permitting him to reply.

It seems, that if the plaintiff had demurred to the counterclaim, the demurrer would have been sustained on the ground that the counterclaim was not authorized, in that the facts alleged therein did not constitute new matter, but were embraced within the issues tendered by the complaint.

APPEAL by the plaintiff, R. Telfair Smith, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th·day of July, 1921, denying plaintiff's motion to vacate an order entered in said clerk's office on the 20th day of June, 1921, granting him leave to move at the Special Term for hearing contested motions to open his default in failing to reply to defendant's counterclaim and to serve a reply thereto nunc pro tunc.

Clarence K. McGuire, for the appellant.

Timothy A. McCarthy, for the respondent.

LAUGHLIN, J.:

The action is for the dissolution of a copartnership and for an accounting. The plaintiff alleges that the copartnership

was originally between the parties hereto and one John L. Snowber who retired from the business on the 1st of July, 1914. The answer denied that the partnership between the three terminated at the time alleged in the complaint and alleges that it continued until February 29, 1920, and was then dissolved by mutual consent, and that the dissolution agreement has been fully performed, and that thereby the defendant succeeded to all the copartnership property. For a counterclaim defendant alleges that prior to the dissolution and while the copartnership was comprised of the members, the plaintiff, without the knowledge or consent of either of his copartners and in violation of the trust and confidence reposed in him by them and in fraud of their rights, acted as agent and broker on a sale of specified real property and received therefor a commission of about $1,200 which he appropriated to his own use; and the defendant demands judgment that the complaint be dismissed and that the plaintiff be required to account for the several sums misappropriated by him, and that his liability therefor to the firm be adjudged and decreed, and that judgment be awarded in favor of the defendant for his proportionate share of all sums misappropriated by plaintiff. The trial was before the justice who subsequently presided at Special Term and denied the motion. At the commencement of the trial the defendant moved for judgment on the counterclaim on the ground that no reply thereto had been interposed. The court thereupon ruled that the counterclaim stood admitted and that any recovery to which the plaintiff might otherwise be entitled would be diminished by the amount of the counterclaim. The trial then proceeded and the plaintiff in the course of his examination, was asked whether he had received a commission as set forth in the counterclaim. The defendant objected on the ground that the facts stood admitted and the court so ruled and excluded the evidence. At the close of the plaintiff's testimony his attorney asked permission to apply to the Special Term for leave to interpose a reply; and leave was granted on the payment of a term fee, and a formal order to that effect was entered by the plaintiff and served on the defendant. The plaintiff, instead of making the motion according to leave thus granted at his own request, moved to vacate the order on the ground that a reply was unnecessary

because the counterclaim was improper and not authorized by law inasmuch as on a copartnership accounting all copartners are accountable for their acts as copartners. Undoubtedly the counterclaim was unnecessary and without it the defendant could have required the plaintiff to account for the moneys received by him if for services for which he was accountable to the copartnership. (*Cook* v. *Jenkins,* 79 N. Y. 575; *Reeves* v. *Bushby,* 25 Misc. Rep. 226.) It does not follow, however, that the plaintiff who fails to demur or reply to facts pleaded as a counterclaim is at liberty to ignore the counterclaim and to controvert the facts therein alleged. Doubtless if plaintiff had demurred to the counterclaim, the demurrer would have been sustained on the ground that the counterclaim was not authorized in that the facts alleged therein did not constitute new matter (Code Civ. Proc. §§ 500, 501) but were embraced within the issues tendered by the complaint; but, nevertheless, the allegations of fact contained in the counterclaim if not put in issue by a reply stand admitted for the purposes of the trial. (Code Civ. Proc. §§ 495, 514, 522; *Hudson River Water Power Co.* v. *Glens Falls Gas Co.,* 90 App. Div. 513.)

The theory upon which the plaintiff obtained the order was, therefore, right and after having thus obtained it he was not entitled to have it vacated. It follows that the order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.