### FIBBE et v. POLAND

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2896.   Decided Jan. 10, 1927

516.   FEES AND COSTS—Where partition proceeding is amicably settled and suit is dismissed without prejudice, the court may nevertheless assess attorneys fees, which shall be borne equally between the parties to be benefitted.

**First Publication of this Opinion**

BUCHWALTER, P. J.

Lawrence W. Poland, on Jan. 6, 1924, filed an action in the Hamilton Common Pleas, to partition the real estate left by Henry A. Verhage, deceased.

Mary Fibbe, et al, who, with Poland were the sole heirs at law and the owners of said real estate, were made defendants.

An answer was filed to Poland's petition denying that he had a 1/10 interest in the real estate, but same was 1/12, later however 1/10 interest was agreed upon and he received his distributive share of the income.   It was later decided that it was not to the interest of the parties interested to partition, and Poland dropped his action and signed an agreement to that effect without notice to the attorneys who had filed the action.

A motion was later filed to dismiss without prejudice upon payment of costs by defendants.   On the same day the lawyers who had represented Poland moved for an order affixing attorneys fees and the court allowed $3000.00, taxed as part of the costs, and made it a lien on the real estate; and the action was dismissed without prejudice.   The only question raised is to allowance of attorneys fees, the amount allowed only being a portion of what would have been allowed under the rules of the court had the cause proceeded to final judgment; but only whether the court had the right to make any allowance for an action in partition where the cause is dismissed before final judgment of partition.

The Court of Appeals held:

1.   Sec. 12050 GC. reads:  "Having regard to the interest of the parties, the benefit each may derive from a partition, - - - - the court shall tax the costs and expenses - - - - including reasonable counsel fees, which must be paid to plaintiff's counsel unless the court

awards some part thereof to other counsel for services in the case - - - - and the execution may issue tehrefor as in other cases."

2. There is nothing in this section which provides that the case must be carried to a conclusion and partition had.

3. "In a partition case, the right of attorneys to receive fees to be taxed as costs herein is not dependent on final partition being effected in court. Where the parties were unable to agree and suit brought, answer filed, issues of advancements, etc. made and the case finally adjusted before hearing by amicable partition deeds, it is nevertheless the right of counsel to have taxed as costs in their favor the reasonable value of their services rendered for the common benefit, in the furtherance of the partition." Edwards v. Whims et, 2 N. P. (ns.) 464.

4. However, as the service was rendered for the benefit of all, the counsel fees should not be a charge only on the defendants, but should be divided equally among the parties.

Judgment affirmed.

(Hamilton & Cushing, JJ., concur.)

Attorneys—Thos. L. Michie for Fibbe et; Pogue, Hoffheimer & Pogue for Poland; W. M. Locke for the Attorneys; all of Cincinnati.

Note—Motion to certify overruled, 5 Abs. 139.