Common Pleas Court of Hamilton County.

## INTERNATIONAL ART PUBLISHING CO. v. MAURICE W. GRIESBAUM.

Decided April 4, 1931.

*Riesenberg, Cohen & Steltenpohl,* for the plaintiff.
*Dinsmore, Shohl & Sawyer,* for defendant.

ALFRED MACK, J.

Plaintiff by its petition seeks to recover chattel property in the possession of defendant. Defendant answers admitting plaintiff is the owner of said goods, and that defendant at the time of filing the petition was in pos-

session thereof, and denies that plaintiff is entitled to such possession and that defendant wrongfully retains such property.

By cross-petition defendant alleges for first cause of action that he obtained possession of the chattels under a certain written contract, whereby plaintiff employed defendant as a traveling salesman on certain terms and conditions at a certain salary and commissions; that settlement was to be made every sixty days; that the chattels claimed were samples turned over to defendant in furtherance of said business and pursuant to said contract; alleges performance on the part of defendant, and breach of said contract by plaintiff in various particulars; that defendant is entitled to retain said property until plaintiff performs its contract, and in default thereof defendant is entitled to have the property sold and applied to the payment of the obligations due defendant under said contract; prays that defendant be decreed to retain possession of the chattels until the obligations due him be paid, and in default of payment that the same be sold and the proceeds applied to the satisfaction of any judgment against plaintiff.

By cross-petition defendant as a second cause of action adopts the allegations of the first cause of action and sets forth in detail the damages accruing to defendant by reason of plaintiff's breach of its contract with him, and prays judgment for $2085.80.

Attached to the cross-petition are two lists, viz., List A, containing the names and addresses of those from whom defendant claims to have obtained orders transmitted to plaintiff, and List B, which contains the names and addresses of those upon whose mail orders sent directly to plaintiff defendant would be entitled to commissions.

By interrogatories attached to the cross-petition plaintiff is required to give certain information with reference to those mentioned in each of said two lists. Such interrogatories will be hereafter referred to.

Plaintiff has demurred generally to each of said causes of action set forth in the cross-petition. Plaintiff also has demurred to the interrogatories annexed to the cross-

petition upon the ground that they are immaterial, impertinent and improper.

This cause has been submitted to the Court after an elaborate argument of said demurrers by counsel for both parties. It is argued on behalf of plaintiff:

1. That a counterclaim cannot be set up in an action in replevin;

2. That defendant has no lien; and therefore that the allegations in the first cause of action of the cross-petition do not entitle defendant to the relief demanded.

What, was an action in "Detinue" at common law is now by the Ohio Code and that of other states designated as an action in "Replevin". In many jurisdictions it has been ruled that no counterclaim or set-off can be pleaded in such action, while in many others a more liberal ruling is allowed. Some of the cases on each side of such conflicting rulings are collected in *Wells on Replevin, 2nd Ed.*, pp. 581 to 584.

In 25 *American and English Enc. Law*, page 571, it is pointed out that the object of statutes permitting counterclaims is to enable parties to settle and adjust all their cross claims in a single action, thus avoiding circuity of action and multiplicity of suits, and that such statutes should be liberally construed to effect this. See also *Allen v. Shackelton*, 15 Ohio St., 145, 148; *More v. Rand*, 60 N. Y. 208, 214.

Matters set up in the cross-petition arise out of the contract or transaction under or by virtue of which the chattels sought to be replevined came into the possession of defendant. Irrespective of the decisions of other jurisdictions, in the opinion of the Court, the statutes of our state and the decisions of our courts permit the filing of a counterclaim under the circumstances of this case in a replevin suit.

By Sec. 11315 General Code it is provided that a defendant may set forth in his answer as many grounds of defense, counterclaim and set-off as he may have, whether such as heretofore have been denominated legal or equitable, or both,

By Sec. 11317 General Code it is provided that—

"A counterclaim is a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a judgment might be had in an action, and arising out of the contract or transaction set forth in the petition *as the foundation of the plaintiff's claim, or connected with the subject of the action.*"

It has been expressly ruled in the following cases that a counterclaim may be set up in a suit for replevin: *White* v. *Semper,* 8 C. C. 346, (our own C. C. per Smith, J.) ; *Cow Run Co.* v. *Lehmer,* 41 O. St. 384; *Baer* v. *Sleicher,* 153 Fed. R. 129 at 131 (6 C. C. of App. per Richards, J. construing Ohio Code). See also *Cincinnati Daily Tribune* v. *Bruck,* 61 O. St. 489, 490.

In view also of the fact that plaintiff is a non-resident corporation, and that a denial of the right to file a counterclaim will necessitate an action in a foreign forum, in the opinion of the Court there are strong reasons which appeal in declaring that a counterclaim should be permitted in the instant case. See *Morgan & Co.* v. *Spangler, et al,* 20 O. St. 38, at 55, per Welch, J.

Considering the argument that the first cause of action does not state facts entitling the defendant to the relief demanded, the Court is of opinion that the defendant has a lien, or right in the nature thereof, to the possession of the chattels until he is paid his advances by way of traveling expenses, etc. and his commissions. This has been specifically ruled in an exactly similar case by the Superior Court of Kentucky (a court equivalent to our Court of Appeals), in *Grauman* v. *Reese,* 13 Ky. Law Reporter, 683. Best said in the case of *Jacobs* v. *Latour,* 5 Bingham 130, at 132:

"As between debtor and creditor the doctrine of lien is so equitable that it cannot be favored too much."

Instances of the liberal application of the doctrine that liens or rights in the nature thereof will be favored under circumstances appealing to the conscience of the Court will be found in: *Klaustermeier* v. *Trust Co.,* 89 O. St. 142;

*Cohen* v. *Goldberger,* 109 O. St. 22; *Fibbe* v. *Poland,* 24 Ohio App. 532.

Considering the demurrer to the interrogatories— Defendant, as to List A, which contains the names of those from whom defendant obtained orders, seeks to obtain information as to the names of those concerning whom plaintiff received from defendant direct orders. This is information primarily within the knowledge of the *defendant* who sent such orders, and the demurrer to Question 1, paragraph A, will therefore be sustained.

As to paragraphs B and C of question 1, the demurrer will be overruled, because the defendant cannot know to whom plaintiff delivered merchandise under such orders, or who actually paid for merchandise so delivered under said orders.

As to List B, which contains the names of those upon whose mail orders defendant would be entitled to commissions, the interrogatories A, B, and C, under question 2, seek information as to those from whom such mail orders were received, whether such mail orders were shipped, and whether they were paid for. This is information necessarily within the knowledge *only of the plaintiff,* and not of the defendant. The demurrer to these interrogatories will be overruled.

It is a fundamental rule that interrogatories, under our Code, take the place of what was a Bill of Discovery under ancient Chancery procedure. Applying the principles which prevailed in determining whether a bill of discovery should be granted, the Court is of opinion that a party is entitled, in aid of the prosecution of his claim, to obtain from the adverse party necessary information with relation to the prosecution of such claim, and which information is not within the knowledge of the party seeking such information.

It follows from the foregoing that the demurrer to the first and second causes of action set forth in the cross-petition will be overruled, that the demurrer to interrogatory 1, paragraph A, will be sustained, and that the demurrer to all the other interrogatories will be overruled.