Matthew M. Levy, J.
This is a motion by defendants to sever the action in respect of each of the plaintiffs, to permit defendants to interpose against plaintiff Hansen a supplemental counterclaim and to direct plaintiff Hansen to reply to such counterclaim.
The suit is to declare void for usury certain negotiable promissory notes made by plaintiffs to the order of defendants’ testatrix. The present answer denies usury, counterclaims for an unpaid balance of principal, and alleges as affirmative defenses that the notes were given as collateral security for an advance to a third person, and estoppel. The proposed supplemental counterclaim against plaintiff Hansen seeks to allege a judgment of the Superior Court of New Jersey, obtained on the identical issues here in suit, which judgment was rendered in favor of defendants and against plaintiff Hansen subsequent to the service of the present answer.
Insofar as defendants seek to be permitted to serve the supplemental counterclaim in the form set forth in the moving papers, the motion is granted. The parties should be given an opportunity to put their pleadings in such shape, in advance of trial, as to permit them to litigate the controversies between them in the light of adjudications made subsequent to the commencement of the action (cf. Harriss v. Tams, 258 N. Y. 229; S. Stroock & Co. v. Joseph Lichtenthal, Inc., 225 App. Div. 732). The supplemental counterclaim is to be served within 10 days after service of a copy of this order with notice of entry thereof, and such service is without prejudice to the proceedings already had herein.
But, as distinguished from the situation where a defendant has interposed an affirmative defense to which he desires the plaintiff to reply (Carmody, New York Practice, 7th [Forkosch] ed., § 362, pp. 377-378), a “ defendant may not move to compel a plaintiff to reply to a counterclaim any more than a plaintiff may move to compel a defendant to answer a complaint.” (Prashker, New York Practice [4th ed.], § 184, p. 383.) If plaintiff fails in due time to serve a reply to the counterclaim, the allegations contained therein are deemed admitted as by default (Civ. Prac. Act, § 243; Smith v. Snowier, 198 App. Div. 820, 822), and, upon such default, the defendant may, upon notice, apply for judgment on his counterclaim (Civ. Prac. Act, § 494). In consequence, so much of defendants’ application as asks that plaintiff be directed to reply to the supplemental counterclaim when served is denied.
*563 Finally, that branch of defendants’ motion which seeks to sever the action so as to separate the plaintiffs as suitors is denied. There is no basis presented in support of the relief prayed for in that respect (see decisions and papers on companion motions).